1814.

TRAVIS
v.
WATERS..

</div>

―――◁᛫ ᛭ ᛭――――

<div align="center">

JACOB TRAVIS AND OTHERS *against* WATERS.

</div>

<div align="right">

*July* 6th.

</div>

A decree, on a bill for a specific performance, on the coming in of the master's report, as to the quantity of land to be conveyed and the payments made, directing the balance due to be paid, and the conveyance to be executed, is a *final* decree.

If a *final* decree is silent as to *costs*, they are lost, and cannot, afterwards, be ordered to be paid, unless, on a rehearing, the decree has been opened for that purpose.

If a party dies before costs are decreed, they are lost; the general rule being, that the costs die with the person : but if costs have been decreed, and the party dies before they are *taxed*, they may be recovered by his personal representatives, on a bill of revivor ; but to obtain the costs, the executors, or personal representatives, must be before the court, expressly in their character as such ; for if the bill of revivor states the plaintiffs to be the *heirs* and devisees of the party deceased, though some of them, in fact, are executors, yet they can only be known in their former character, and not as executors.

THE original bill, in this cause, was filed, in 1802, in the name of *Ezekiel Travis*, for a specific performance of a contract for the sale of land, and for an account. It stated, among other things, that the plaintiff took possession under the agreement, and made several payments ; and that the defendant had since commenced an action of ejectment, to recover possession of the premises, and had obtained a verdict at law. The cause was put at issue, and much contradictory testimony given, respecting the alleged payments, and

1814.

TRAVIS
v.
WATERS.

a feigned issue was awarded to ascertain the fact of certain payments, and a verdict was thereupon found for the plaintiff. In *October*, 1808, this court decreed a conveyance of part of the premises, and directed a master to take an account of the quantity to be conveyed, and of the payments, and to ascertain the balance due, if any, to the defendant; that the same be paid, and that the conveyance thereupon be made; and the question of costs was reserved until the coming in of the master's report. From this decree there was an appeal to the court of errors, and the decree was affirmed.(a) The original plaintiff, afterwards, died, (13th of *August*, 1812,) and the suit was revived in favour of the present plaintiffs, who are the heirs and devisees of *Ezekiel Travis*; and two of them executors of his last will. By a decretal order of the 23d *January*, 1813, the suit was ordered to stand revived, and the master, as before, was directed to take an account, and the balance, if any, to be paid, and the conveyance to be executed; and that further directions be reserved until the coming in of the report.

The master made his report, in *May* following, which was confirmed; a small balance was reported to be due to the defendant, on the tender of which, with the interest, a conveyance was ordered, by a decree of the 31st of *May*, 1813. This decree being silent *as to costs*, an application was made, in *September*, for costs, and, on the 8th *October*, costs were decreed, by the late Chancellor, including, as well the costs of the original suit as of this suit, and of the ejectment suit, as well as of the feigned issues tried at law.

In *May* last, a *rehearing* was ordered upon the question of *costs*.

*Henry*, for the plaintiffs. 1. To show that costs follow the justice of the demand, in equity, as well as at law, he

(a) Vide 9 *Johns. Rep.* 450.

cited *Roberts* v. *Kniffer*, 2 *Atk.* 112. *Blackburn* v. *Gregson*, 1 *Bro. C. C.* 424, 425.

2. He contended, that the decree of the 18th of *October*, 1808, was a final decree, reserving only the question of costs.

3. He insisted that the rule that costs die with the person, if applicable to the plaintiff on a bill of revivor, is applicable only where there is a decree for *costs* alone; not where there is also a *duty* decreed to be performed. (2 *Ves.* 580. 3 *Atk.* 772.)

4. As to any objection that the *personal* representatives of *Ezekiel Travis* are not before the court, that is matter of form, and is a reason for letting the cause stand over, until they are technically made parties, as executors. But it is expressly alleged in the bill, that two of the plaintiffs are the executors of *Ezekiel Travis*, though it is not alleged that they proved the will.

*Riggs*, contra, contended; 1. That the decree of *October*, 1808, was interlocutory, and that of the 31st of *May*, 1813, the final decree, in the cause; and that being silent as to *costs*, they are gone. So, if *interest* is not reserved by the decree, the court cannot give it. (*Hale* v. *Greenbank*, *Dickens'* *Rep.* 370.)

2. As *Ezekiel Travis* died before any decree for costs was made in his favour, they are lost, as costs could not be decreed after his death. It is a general rule that, if costs are not taxed, they die with the party. (*Kemp* v. *Mackrell*, 2 *Ves.* 580. 3 *Ves.* jun. 195.)

3. But if the costs are recoverable, the parties entitled to those costs, which accrued during the lifetime of *Ezekiel Travis*, are not before the court. They are recoverable by the executors only, not by the heirs and devisees: and the plaintiffs are not before the court in the character of executors. (3 *Johns. Rep.* 543. 1 *Dickens'* *Rep.* 16. 2 *Dickens*, 768.)

1814.        4. But if the executors were properly before the court, they could not recover the costs, for the reasons already alleged; so that there can be no reason for staying the proceedings until they should appear as executors.

TRAVIS
v.
WATERS.

5. On no principle whatever ought the costs of the eject-ment to be recovered ; as the defendant put the plaintiff to unnecessary costs, by defending the suit on the grounds which could not be supported.

THE CHANCELLOR.   The first objection to the decree of the 8th of *October*, 1813, for costs, was, that the question of costs was not reserved in the decree of the 31st of *May* preceding, and that as the decree was silent as to costs, and was a final decree, they were gone or waived, and could not afterwards be awarded, unless on application for a rehearing, and for opening the decree, which was not attempted.

I have no doubt that the decree of *May*, 1813, is to be regarded as the *final* decree in the cause.   It was made upon the coming in of the master's report, ascertaining the lands to be conveyed, and the balance to be previously paid.   It was the final end and closing of the controversy, and was analo-gous to a final, as contradistinguished from an interlocutory, judgment at law.   The decree of *October*, 1808, cannot be so regarded, for though the right to a specific performance was declared generally, yet the extent of that right, and the conditions upon which it was to depend, were not ascer-tained.   The plain reason of the thing, the obvious meaning. of the term, and the definitions in the books of practice, all concur to show that the decree of the 31st of *May*, 1813, and not the decree of the 27th of *October*, 1808, was the *final* decree in the cause.   (1 *Har. Prac.* 622.)

Being a final decree, and being silent as to costs, they were undoubtedly lost ; as much so as if they were omitted. to be awarded, and incorporated in a final judgment at law. This is the settled rule ; and Lord *Northington*, in the case of *Herle* v. *Greenbank*, (1 *Dickens*, 370.,) said, that even

interest is lost, unless it be reserved by the decree on hearing the cause on the coming in of the master's report.

1814.

TRAVIS
v.
WATERS.

2. But even if this technical objection did not exist, it is contended, that as *Ezekiel Travis* died as late as the 13th of *August*, 1812, but before any decree of costs was made, the right to costs became extinct by his death ; and the rule, at law and equity is said to be the same in such cases, and that the costs die with the person. (*Lloyd* v. *Powis*, *Dickens*, 16. 2 *Ves*. 580. *and* 461. *White* v. *Hayward*. *Hall* v. *Smith*, 1 *Bro*. 438.) ·

I have examined the books on this point, and have not met with a case allowing costs, under such circumstances, to the representatives of the party. The general rule is even more rigorous than this, for if the party die before costs be *taxed*, though they be decreed, they are gone. (2 *Ves*. 461.) Lord *Hardwicke*, in *Kemp* v. *Mackrell*, (2 *Ves*. 580. 3 *Atk*. 811. S. C.,) said, that this was a hard rule, as it turned on the distinction, whether the costs were taxed or not, and the right was as certain before taxation as after ; and accordingly, in *Morgan* v. *Scudamore*, (3 *Ves*. jun. 195.,) the Chancellor established the rule, that where the plaintiff dies *after* a decree for costs, and before taxation, they may be recovered by his representatives, by a decree for revivor. The same principle had been admitted and acted upon by Lord *Hardwicke*, in *Blower* v. *Morrets*, (3 *Atk*. 772.) The only point, in all these cases, was, whether costs already decreed, but not taxed before the death of the party, were recoverable ; but the question is not so much as agitated any where, whether there be any ground for a claim for costs if the party die before they have even been *decreed* or considered.

3. This objection, therefore, is decisive as to the costs that had accrued in the lifetime of *Ezekiel Travis* : But if this difficulty was not in the way, there would still be another and a third difficulty to be surmounted, and that is, that the personal representatives of *Ezekiel Travis*, who, if any, would have

1814.

TRAVIS
v.
WATERS.

been the persons entitled to these costs, are not before the court. The bill of revivor is by the heirs and devisees, in the capacity of heirs and devisees ; and although two out of the ten plaintiffs are stated in the bill of revivor to be executors of *Travis*, yet they are not alleged to have proved the will, or to have taken upon themselves the trust, nor have they revived the suit in that capacity ; and we can only know them in the character in which they appear before the court. (2 *Dickens*, 768.   3 *Johns. Rep.* 552.)

For these reasons, and upon either of the grounds I have suggested, I am of opinion that the plaintiffs are not entitled to a decree for the costs that had accrued in the lifetime of *Ezekiel Travis*, and, for the reason first mentioned, they are not entitled to the costs that have accrued since.   Upon a view of the whole merits of this controversy, I do not think there is any cause to regret the application and operation of the general rule.   The parties to the original contract, and which was the source of all this long and expensive litigation, were both in default, in slumbering for many years over the non-execution of the contract, and not calling for its prompt performance, nor doing all that was incumbent on each party respectively to do, to entitle him to a fulfilment.   The tendency of such delays, is always to obscure the truth and certainty of transactions, and to render the performance doubtful and difficult.   It is consonant to the dictates of justice and good policy, that each party should be made to feel the inconvenience of such neglect, defaults, and delay, by being subjected to the payment of his own costs ; and this has frequently been the course of the court in such cases. (*Radcliffe* v. *Warrington*, 12 *Ves.* 335.   *Wynne* v. *Morgan*, 7 *Ves.* 202.)

Costs denied. (*a.*)

(*a.*) Affirmed, on appeal, *March* 27th, 1815, vide 12 *Johns. Rep.* 500.