HENRY K. BAKER *vs.* DUDLEY W. MOOR.

*Administrator's attorney not a creditor of the estate.*

Services rendered to an executor, in his official capacity, in the settlement of the estate under his charge, do not constitute the person rendering them a creditor of the estate, nor give him any interest therein sufficient to entitle him to institute an action, in the name of the judge of probate, upon the executor's bond to recover compensation. His remedy is only against the executor individually.

ON REPORT.

DEBT, brought February 12, 1872, in the name of the judge of probate for the benefit of a judgment creditor, upon the bond of the executors of the estate of the late Nathaniel Gilman. The

defendant's intestate was one of the sureties upon the bond. The plaintiff introduced the record of a judgment by him recovered against the executors, based upon an account annexed to his writ in his suit against them,—in which an attachment of the estate of their testators in their hands was directed,—"for a balance for services rendered and disbursements made for them, in their said capacity, in settling of the estate of said Nathaniel Gilman." That suit was specially answered to at the return term. At the next term, notice was ordered to be given by publication, upon suggestion that the executors were non-residents; and, at a subsequent term, upon proof of such notice, judgment was taken upon default against the executors and their own property, and execution issued thereon for $1253.77 debt, and $26.72 costs, to be levied upon their testator's estate in their hands. Satisfaction not having been obtained, but a return of demand at the last residence of the executors in this State being made, with a statement that no personal demand could be made because the defendants were not to be found within the State, permission was granted the creditor to institute the present action, in the name of the judge of probate, to enforce payment of said judgment.

*Baker & Baker*, for the plaintiff.

This judgment is properly a claim against Nathaniel Gilman's estate. The services were necessary to defend and protect that estate. *Cony* v. *Williams*, 9 Mass., 114; 2 Williams on Executors, (Ed. of 1832) *1086, *et seq.*

The judgment itself does not show upon what claim it was recovered; nor that it did not accrue in the testator's lifetime— since an account annexed is no part of the record. *Kirby* v. *Wood*, 16 Maine, 81; *Valentine* v. *Norton*, 30 Maine, 194; *Came* v. *Brigham*, 39 Maine, 35; *Starbird* v. *Eaton*, 42 Maine, 569; *McArthur* v. *Starrett*, 43 Maine, 345; *Buckfield Branch R. R. Co.* v. *Benson*, Id., 374.

The form of the original action cannot be objected to here. R. S., c. 82, § 9; *Page* v. *Danforth*, 53 Maine, 174. Nor by a mere

surety on the bond. *Hayes* v. *Seaver*, 7 Maine, 237; *Cony* v. *Barrows*, 46 Maine, 497; *Willard* v. *Whitney*, 49 Maine, 245; *Milliken* v. *Whitehouse*, Id., 527; *Dane* v. *Gilmore*, 51 Maine, 544; *Paine* v. *Stone*, 10 Pick., 75; *Heard* v. *Lodge*, 20 Pick., 53.

*A. Libbey*, for the defendant.

No demand, such as the statute requires, has been shown. R. S., c. 87, § 11.

The claim of the plaintiff in interest was against the executors personally.

VIRGIN, J. Debt on the official bond of the executors of the last will and testament of the late Nathaniel Gilman. The writ is sued out in the name of the judge of probate for this county, against the administrator on the estate of one, who, in his lifetime, was one of the sureties in the bond, now deceased.

To maintain this action under the provisions of the statute, it must appear that the real plaintiff is interested personally in the bond; that his interest has been specifically ascertained by judgment of law against the executors; that he has made a demand therefor against them; and that they have neglected or refused to satisfy the same, or show personal estate of the said Gilman for that purpose. R. S., c. 72, §§ 9 and 12.

Generally all these facts would be conclusively established by the judgment in behalf of the plaintiff against the estate in the hands of the representative of the deceased; for such judgments when regularly recovered and entered up, are conclusive upon the sureties in the bond. *Bourne* v. *Todd*, ante, 427. *Heard* v. *Lodge*, 20 Pick., 53. But on inspection of the copy of the record introduced by the plaintiff, we find his action was against "Charles B. Gilman and Anna K. Gilman, of New York, executors," &c.; the declaration a count on an account annexed formally alleging their indebtment to the plaintiff according to the account, "for services rendered and disbursements made for them in their said capacity as executors in settling the business of the estate of Nathaniel Gil-

man," and their promise to pay. The record,—after reciting that the defendants not being inhabitants of this State, notice by publication was ordered and complied with,—concludes, "And now in this (Oct. T., 1870) term the defendants . . . do not appear but make default. The plaintiff appears and prays judgment. It is therefore considered by the court here that said plaintiff recover against the said defendants the sum of $1253.67 damages and costs of suit," &c.

Thus it is seen that the judgment for the damages is not against the estate of the said Nathaniel Gilman, in the hands of the said Charles B. and Anna K. Gilman, as executors, but against the "defendants." This judgment therefore fails to show that the plaintiff is interested in the bond in suit and that he has had his interest specifically ascertained by judgment of law.

If, however, the plaintiff had been entitled to a judgment against the estate, and the present form of the record had been erroneously made up by the clerk, we could doubtless have ordered it to be corrected. *Piper* v. *Goodwin*, 23 Maine, 251; *Atkins* v. *Sawyer*, 1 Pick., 351. But the judgment is in proper form. The plaintiff is not entitled to a judgment against the estate, being in no wise a creditor thereof for the services rendered; and hence is not interested in the bond. The services and disbursements were for the defendants against whom he has a judgment. *Burke* v. *Terry*, 28 Conn., 415. Upon looking into the account annexed (which being a part of the declaration is a part of the record and should be fully recorded. *Piper* v. *Goodwin*, supra; *Bennett* v. *Davis*, 62 Maine, 544,) it is seen that it all accrued since the decease of Nathaniel Gilman. If payment for such services and claims are recoverable at all, it must be through another tribunal —by the executors charging them in their probate account and procuring their allowance there. This court sitting as a common law court cannot, but only when sitting as the supreme court of probate after due proceedings in the probate court and appeal therefrom, can it render any judgment for such claims against the estate of Nathaniel Gilman. Reasonable fees paid for necessary

and beneficial legal services rendered to executors and administrators in the settlement of large estates especially, though not expressly permitted by the statute, are frequently allowed by judges of probate.

This view renders an examination of the other points in the case unnecessary. *Plaintiff nonsuit.*

APPLETON, C. J., CUTTING, DICKERSON, BARROWS and DANFORTH, JJ., concurred.