LYDIA A. LUCAS & others *vs.* ASA P. MORSE, trustee, & others.

Suffolk. Nov. 21, 1884. — Feb. 28, 1885. FIELD & COLBURN, JJ., absent.

The Probate Court has no power to allow costs after a final decree has been entered in the controversy in which the costs accrued.

MORTON, C. J. In 1875, the petitioners, who are *cestuis que trust* under a trust created by the will of Thomas Whittemore, presented a petition to the Probate Court of Middlesex county to compel the trustee to present and settle his account. Accounts were filed and hearings were had, which resulted in a decree of the court, made September 9, 1879, disallowing items charged in the accounts to a large amount, and charging the trustee with a larger balance than that admitted by him. Upon the petition of the present petitioners, filed in May, 1877, the said trustee was removed, and the present trustee, one of the respondents in this case, was appointed in his place. The petition now before us is brought to recover the costs of the former petitioners, taxed as between solicitor and client, out of the estate.

We need not discuss the question whether the Probate Court had the power in its decree upon the former petition to allow to the petitioners their costs as claimed. For, if it be assumed that it had the power, we are still of opinion that this petition cannot be maintained.

A court with full equity jurisdiction cannot, after a final decree is passed in a case, entertain a new and independent suit

to recover the costs of such case. As was said in *Brigham* v. *Dole*, 2 Allen, 49, " Costs are a mere incident of the judgment. They are not to be taxed, excepting upon a special order in reference to the terms upon which an amendment is allowed, or the like, until final judgment is rendered; and then the taxation must be in conformity to the rules and directions of the law which at that time are in force." *Fessenden* v. *Nickerson*, 125 Mass. 316. In *Moore* v. *Watson*, L. R. 2 C. P. 314, it was said by Mr. Justice Willes, " The costs of a compulsory reference are costs of the cause; they are taxed upon the judgment, and can only be recovered on it."

It is the duty of a party, if he thinks he is entitled to costs, to apply for them before the final decree; and, if he omits this, he has no remedy. 2 Dan. Ch. (5th Am. ed.) 1342. *Travis* v. *Waters*, 1 Johns. Ch. 85, and 12 Johns. 500.

In *Travis* v. *Waters*, it was sought to recover the costs of a previous suit, in which a final decree had been entered. Chancellor Kent says: " Being a final decree, and being silent as to costs, they were undoubtedly lost; as much so as if they were omitted to be awarded and incorporated in a final judgment at law. This is the settled rule." 1 Johns. Ch. 88.

Costs are awarded as a part of the judgment or decree of the cause in which they arise; and no case is cited which decides that a court, either at law or in equity, can award in one case costs which have accrued in another, unless they are included in the judgment.

In the case at bar, the suit, of which the petitioners now seek to recover the costs, was determined and closed by a final decree in 1879, and the Probate Court has now no jurisdiction of it. It is no answer to say that the trust continues under the administration of the Probate Court. That suit is terminated; the subject matter of it has become *res adjudicata;* there has been a final ending and closing of the controversy; and the decree cannot be reopened or revised by the Probate Court upon motion or petition. It follows that this petition cannot be maintained.

*Decree of Probate Court reversed.*

*H. L. Harding*, for the petitioners.

*J. L. Thorndike*, (*H. G. Allen* with him,) for the respondents.