ABIGAIL ALVORD *vs.* EDWIN STONE, administrator.

### York. Opinion June 14, 1886.

#### *Probate appeal. Costs.*

In an appeal from a decree of the probate court, allowing a will, to the Supreme Court of Probate, the whole subject of the allowance of costs is in the discretion of the court. In such case with a final decree in the Supreme Court of Probate sustaining the will without allowing costs, no costs can be

recovered. Such a decree, silent as to costs, bars the recovery of costs as effectually as an affirmative decree disallowing them.

ON REPORT.

The case is stated in the opinion.

*Augustus F. Moulton*, for the plaintiff.

The plaintiff was named executrix in the will. It was her duty to present it for probate. She would have been liable to punishment had she not done so. *Carvill* v. *Carvill*, 73 Maine, 136 ; R. S., c. 126, § 3.

"In cases of appeal from the decree of probate of a will and granting letters testamentary and a final decree against the will, the executors will be allowed the expenses of the litigation *bona fide* incurred in attempting to support the will." 3 Redfield on Wills, * 123, and cases cited ; *Butler* v. *Jennings*, 8 Rich. Eq. (S. C.) 87 ; U. S. Dig. vol. 19, p. 706 ; *Young, Ex parte*, 8 Gill, (Md.) 285 ; U. S. Dig. vol. 13, p. 347 ; *Mesick* v. *Mesick*, 7 Barb. (N. Y. S. C.) 120.

" In New Jersey an executor propounding a will acting in good faith, is entitled to costs out of the estate, whether probate be granted or refused." *Perrine* v. *Applegate*, 1 McCarter, 531 ; *Boylan* v. *Meeker*, 15 N. J. Eq. 310 ; Redf. Am. Cas. on Wills, 487 ; see cases cited in Redfield on Wills, 118.

An executor performing his duty in good faith will be reimbursed for all proper expenditures in supporting a will. Redfield gives this as settled law as cited above.

Williams on Executors, * 310, gives the same without qualification. " A legatee performing the duty of an executor in proving the will, is entitled to his costs out of the estate." This is our case precisely.

In *Crofton, Ex.* v. *Illsley*, 6 Maine, 48, a case somewhat like this, where the court in its decree concerning the will had said nothing about costs, (4 Maine, 134,) the court acted upon the argument of counsel that "the costs having been prudently incurred, were a proper charge against the estate."

The Supreme Court might, under authority of R. S., c. 63, § 30, have settled the question of costs and expenses in its decree

touching will and codicil, but the question was not then raised and the court did not interfere with it. The statute leaves it discretionary with the court whether to interfere in this regard or not. They "may" allow costs, etc.

It is objected that letters were not actually issued to this executrix. They could not during the time when this bill accrued; the claim is under the will, not under letters. The probate is merely operative as the authenticated evidence, and not as the foundation of the executor's title, for he derives his interest from the will itself." Williams on Executors, * 239 ; 3 Redfield on Wills, * 70.

This debt having accrued since the death of the testator, the plaintiff may sue either in her personal or representative capacity at her option. Williams on Executions, * 1590 ; 3 Redfield on Wills, * 196.

*R. P. Tapley*, for the defendant, cited : *Kingman* v. *Soule*, 132 Mass. 288 ; *Davis* v. *French*, 20 Maine, 21 ; R. S., c. 64, §§ 3, 32, 33 ; c. 63, § 30 ; *Baker* v. *Moor*, 63 Maine, 446 ; *Stone* v. *Locke*, 48 Maine, 425 ; *McKenney* v. *Alvord*, 73 Maine, 226.

LIBBEY, J. The plaintiff was named as executrix in certain instruments purporting to be the last will and testament and a codicil thereto, of Aaron McKenney, deceased. She presented the will and codicil to the probate court for probate and allowance. The validity of the will and codicil was contested, but they were allowed by the judge of probate. An appeal was taken to the Supreme Court of Probate, and the case was tried to a jury on two issues : 1, whether the testator was of sound mind when he executed them ; 2, whether they were procured by the undue influence of the plaintiff. The verdict sustained the will, but was against the codicil on both grounds. A final decree was entered allowing the will, but rejecting the codicil ; and the decree was certified to the probate court. The decree was silent as to costs.

This action is brought by the plaintiff against the defendant

as administrator on the estate of said McKenney, to recover her costs, expenses and disbursments in the prosecution of that suit. We think it can not be maintained.

What power the appellate court had over the matter of costs is to be exercised in its discretion, and its exercise must depend upon the facts and circumstances of the case. " In all contested cases in the original or appellate court of probate, cost may be allowed to either party, to be paid by the other, or to either or both parties, to be paid out of the estate in controversy, as justice requires." R. S., c. 63, § 30.

Neither party has a legal right to costs. The whole subject of costs rests in the discretion of the courts. The power of the court is precisely the same as in equity. The decree of the appellate court was final, and ended the litigation testing the validity of the will and codicil. The suit was no longer before the court. When the allowance of costs is in the discretion of the court and a final decree or judgment is entered without including costs, no costs can be recovered. Costs are the mere incident of the judgment, and if not included in it, are lost. *Stone* v. *Locke*, 48 Maine, 425, and cases cited. In such case, a final decree, silent as to costs, is as conclusive a bar to a recovery of them as if it affirmatively disallowed them. This court no longer has any jurisdiction over the subject.

But if it had, it is clear that, under the statute, it is a discretionary power; and it is difficult to perceive how an action at law, a recovery in which is a matter of legal right, can be maintained. The parties had a right to trial by jury. Is the discretion of the court to be exercised by the jury? The case appears too clear for further discussion. The same question is carefully considered and determined in *Lucas* v. *Morse*, 139 Mass. 59.

*Judgment for defendant.*

PETERS, C. J., WALTON, VIRGIN and FOSTER, JJ., concurred.