NELSON WATSON *vs.* LUCY DELANO, Administratrix.

Somerset.    Opinion July 31, 1894.

*Costs. R. S., c. 82, § 117.*

In a suit brought against a party as executrix *de son tort* to which the general issue had been pleaded, and pending the action, at a term subsequent to the entry, a plea *puis darrein continuance* was filed, alleging that the defendant had been duly appointed administratrix of the decedent, after the action brought, which plea was held bad on demurrer, and by leave of court, the

same defense had been interposed by brief statement, and then the plaintiff discontinued his suit without any ruling upon the matter set up in the brief statement, or any adjudication upon the claim in suit; the defendant is the prevailing party under R. S., c. 82, § 117, and entitled to costs.

ON EXCEPTIONS.

The defendant took exceptions to the ruling of the court below in refusing to allow her costs as the prevailing party.

*Walton and Walton*, for plaintiff.
*Merrill and Gower*, *Powers and Powers*, for defendant.

SITTING : PETERS, C. J., WALTON, EMERY, HASKELL, STROUT, JJ.

STROUT, J. This suit was originally brought against the defendant as administratrix of Moses L. Hamilton, and entered at the December term, 1890. By amendment at the September term, 1891, it was changed to a suit against her as executrix *de son tort*. At the December term, 1891, defendant, by plea *puis darrein continuance*, set up the defense that, in November, 1891, she had been legally appointed administratrix of said Hamilton. The plea was informal, and on special demurrer was adjudged bad, at the March term, 1892. Defendant had leave to plead over on payment of costs since demurrer was filed, and accordingly, at the same term, pleaded the general issue, and by brief statement alleged the same matter in bar of the further prosecution of the suit. Thereupon plaintiff discontinued the suit, and claimed and was allowed costs up to the time of the discontinuance. The defendant claimed that she was entitled to costs as the prevailing party. The question is, which party is entitled to costs?

In suits at law, costs are regulated entirely by statute. R. S., c. 82, § 117, provides that, "in all actions the prevailing party recovers costs, unless otherwise specially provided." We find no statute which provides otherwise in a case like this. The defendant denied any cause of action against the estate of Hamilton, and nothing appears to show that any existed other than bringing the suit. Without any trial or decision upon the merits of the case, plaintiff voluntarily discontinued the suit

and judgment went against him by his desire.    In such case the defendant must be regarded as the prevailing party under the statute, and as such entitled to recover costs, and not liable to pay them.    *Bates* v. *Ward*, 49 Maine, 87 ; *Foster* v. *Buffum*, 20 Maine, 124.

The case of *Leavitt* v. *School District*, 78 Maine, 574, is not inconsistent with this view.    In that case, which was. a real action, it was agreed that at the time of the commencement of the suit, the plaintiff had title to the lot demanded, but pending the action, the defendant acquired title to the lot, for a school house, by proceedings under the statute, and pleaded such title *puis darrein continuance*, and the court held such acquired title of defendant to bar the further prosecution of the action, and that plaintiff should recover costs to the time of filing the plea, and the defendant costs subsequently accruing.

*Exceptions sustained.    Costs for defendant.*