HENRY C. PEABODY, Judge of Probate,

*vs.*

CHARLES P. MATTOCKS, and others.

Cumberland.    Opinion June 19, 1895.

*Probate.    Appeal.    Costs.    R. S., c. 63, § 30.*

After a final decree of this court, affirming a decree of the Probate Court as to the settlement of an account of a testamentary trustee, a Judge of Probate has no power, in the settlement of a subsequent account, to allow costs incurred and counsel fees for services rendered in the settlement of the prior account and in the prosecution of an appeal from the decree of the Probate Court in relation thereto.

The whole subject of costs and the allowance of counsel fees in all contested cases in the original or appellate court of Probate, rests in the discretion of the court, but that discretion must be exercised in the proceedings in which the costs were incurred and the services of counsel rendered.

The question of the allowance of costs in the settlement of an account in the Probate Court and in an appeal from the decree of the Probate Court, being necessarily involved in that proceeding, the final decree, whether it allows costs and counsel fees to either party or is silent upon the subject, is conclusive upon the whole question.

See *Mattocks* v. *Moulton*, 84 Maine, 545.

ON EXCEPTIONS.

The case is stated in the opinion.

*Augustus F. Moulton*, for plaintiff.

*Charles P. Mattocks and L. Barton,* for defendants.

Allowance of counsel fees: *Blake* v. *Pegram*, 109 Mass. 542; *Forward* v. *Forward*, 6 Allen, 497; *Bartlett* v. *Fitz*, 59 N. H. 502; *Ammon's Appeal*, 31 Pa. St. 311; *Hazard* v. *Engs*, 14 R. I. 5; Woerner's Am. Law of Admr. §§ 384, 515, 516; *Young* v. *Brush*, 28 N. Y. 667; Hill Trustees, 567, 570; *Worrall* v. *Harford*, 8 Ves. 8; *Polhemus* v. *Middleton*, 37 N. J. Eq. 243; *Clement's Appeal*, 49 Conn. 519; In re, *Meeker's Estate*, 45 Mo. App. 186; *Watson* v. *Row*, 18 L. R. Eq. 680; *Poole* v. *Pass*, 1 Beav. 600; *Courtney* v. *Rumley*, 6 I. R. Eq. 99; *Sawyer* v. *Baldwin*, 20 Pick. 388; *Muscogee Lumber Co.* v. *Hyer*, 18 Fla. 698; *Hancox* v. *Meeker*, 95 N. Y. 528; *Widener* v. *Fay*, 51 Md. 273; Adams Eq. 8th Ed. p. 61; *Turnbull* v. *Pomeroy*, 140 Mass. 117; *Trustees* v. *Greenough*, 105 U. S. 527; *Manderson's Appeal*, 113 Pa. St. 631; *Towle* v. *Mack*, 2 Vt. 19; *Morton* v. *Barrett*, 22 Maine, 257; *Hawley* v. *James*, 16 Wend. 61; *Stewart* v. *McMinn*, 5 W. & S. 100; *Fearns* v. *Young*, 10 Ves. 184; *Perkin's Appeal*, 108 Pa. St. 314; *McElhenny's Appeal*, 46 Pa. St. 347.

Time when claim for counsel fees must be made: *Stetson* v. *Bass*, 9 Pick. 27; *Davis* v. *Cowdin*, 20 Pick. 513; *Smith* v. *Dutton*, 16 Maine, 313; *Arnold* v. *Mower*, 49 Maine, 561; *Coburn* v. *Lewis*, Id. 406; *Wiggin* v. *Swett*, 6 Met. 194; *Robinson* v. *Ring*, 72 Maine, 140; *Light's Appeal*, 22 Pa. St. 448.

Statute costs: *Thacher* v. *Dunham*, 5 Gray, 26; *Morton* v. *Barrett*, 22 Maine, 257; *Towle* v. *Swasey*, 106 Mass. 108; *Sargent* v. *Sargent*, 103 Mass. 297; *Bowditch* v. *Soltyk*, 99 Mass. 136; *Dunstan* v. *Dunstan*, 1 Paige, 509; *Sawyer* v. *Baldwin*, 20 Pick. 378; *Bigelow* v. *Morong*, 103 Mass. 287; *Monks* v. *Monks*, 7 Allen, 401.

Defenses available: R. S., c. 68; *Moody* v. *State*, 84 Ind. 432.

Costs defined: R. S., c. 63, § 30; *Rush County* v. *Cole*, 28 N. E. Rep. 772 (Ind.); *Apperson* v. *Mut. Ben. L. Ins. Co.* 38 N. J. 388; *Taylor* v. *C. M. & St. P. Ry. Co.* (Wis.) 53 N. W. Rep. 855; *DeCoursey* v. *Johnson*, 134 Pa. St. 328; *Leighton* v. *Morrill*, 159 Mass. 272; *The Maggie J. Smith,* 123 U. S. 349.

SITTING : PETERS, C. J., WALTON, EMERY, HASKELL, WIS-
WELL, JJ.

WISWELL, J.    The defendant, a testamentary trustee, filed
his account in the Probate Court for Cumberland county, there-
in crediting himself with various investments of the trust estate.

The Judge of Probate allowed certain of these investments,
and disallowed others aggregating $3059.82.    From the decree
of the Judge of Probate, disallowing these items, the defendant
appealed to the Supreme Court of Probate.    The appeal was
carried to the law court, *Mattocks* v. *Moulton*, 84 Maine, 545,
and an entry ordered of "decree of Probate Court affirmed with
costs."    At the April Term, 1892, of this court for Cumberland
county, the presiding justice made a decree in accordance with
the opinion and mandate of the court.

By the decree of the Judge of Probate, affirmed by the
Supreme Court of Probate, the defendant was charged with a
balance of $5853.39, which sum included the above amount of
disallowed investments.    Of this balance all but the amount of
the items disallowed has been turned over by the defendant to
the person entitled thereto.

This action is upon the defendant's bond as trustee.    Judg-
ment was entered in the suit for the penal amount of the bond,
and a hearing had before the justice presiding at nisi prius, to
determine the amount for which execution should issue, in
accordance with the following stipulation of the parties : "This
case is submitted to the presiding judge, who in determining
the amount for which execution shall issue upon the bond in
suit is authorized to make any further allowances and charges
which the judge of probate might make if the account was in
settlement before him.    It being the desire of the parties that
the rights of Mattocks, as trustee, and the cestui que trust in
the trust estate should be finally settled and adjudged in the
cause according to law and equity applicable thereto."

At this hearing, the defendant claimed that he should be
allowed the sum of $555.39 for costs and counsel fees incurred
in the settlement of the prior account and in the appeal, includ-

ing the sum of $175 charged by him for legal services, he being a counselor at law; and including also the costs allowed against him by the final decree in the appeal proceedings. This sum was allowed to the defendant by the judge at nisi prius, to the allowance of which the plaintiff duly and seasonably excepted.

The question presented by these exceptions is, whether after a final decree by this court, affirming the decree of the Probate Court with costs, as to the settlement of an account, a judge of probate has the power in the settlement of a subsequent account, to allow costs incurred and counsel fees for services rendered in the settlement of the prior account and in the appeal from the decree of the Probate Court and the costs allowed against him in that proceeding.

It is the opinion of the court that a judge of probate has no such power, and that consequently the ruling of the presiding justice in allowing these items, was erroneous. The question of the allowance of costs incurred in the appeal was necessarily involved in that proceeding. By R. S., c. 63, § 30, "In all contested cases in the original or appellate court of probate, costs may be allowed to either party, to be paid by the other, or to either or both parties, to be paid out of the estate in controversy, as justice requires." The whole subject of costs in matters of this kind rests in the discretion of the court. That discretion must be exercised in the proceedings of which the costs were incurred; and even if a final decree is silent as to costs, it must be conclusively presumed that the question of the allowance of costs to either or both of the parties to the controversy was considered and passed upon. The decree of this court, made at the April term, 1892, in Cumberland county, was final as to all matters involved. We have seen that the question of the allowance of costs was necessarily involved; the question is therefore res adjudicata. The decree referred to was not silent as to costs but allowed them against the defendant.

This rule would not deprive a judge of the power to open a prior account so far as might be necessary to correct errors, a power expressly given by statute in Massachusetts; it simply prevents a matter being re-opened which has once been adjudicated.

In *Alvord* v. *Stone*, 78 Maine, 296, it is said : "In such case, [an appeal from a probate court] a final decree, silent as to costs, is as conclusive a bar to a recovery of them as if it affirmatively disallowed them. This court no longer has any jurisdiction over the subject."

In *Lucas* v. *Morse*, 139 Mass. 59, which decides that the probate court has no power to allow costs after a final decree has been entered in the controversy in which the costs accrued, it is said, "costs are awarded as a part of the judgment or decree of the cause in which they arise ; and no case is cited which decides that a court, either at law or in equity, can award in one case costs which have accrued in another, unless they are included in the judgment."

The power of the court in the allowance of costs in probate appeals, is precisely the same as in equity. *Alvord* v. *Stone*, supra. The rights of the parties in equity are determined by the final decree. "There must not only be a decree in favor of a party, but there must also be an express order or decree for his costs, or they are lost." *Stone* v. *Locke*, 48 Maine, 425.

But it is urged that, even if the foregoing rule is correct as to the allowance of costs, it does not follow that it is applicable to expenses properly and necessarily incurred in procuring the assistance of counsel.

We think the principle is precisely the same. The sums which were allowed in this case were for the services of counsel, and the charges of the defendant for legal services, in the identical proceeding in which a final decree was made. If expenses such as these are to be allowed at all, it must be done in the judgment or decree in the proceeding in which they were incurred.

We do not question that costs and counsel fees properly incurred by a trustee, in protecting the estate confided to his care and paid by him, should be reimbursed to him out of the estate ; nor that trustees who are obliged to employ counsel in the settlement of their accounts, should be allowed to charge to the estate the reasonable expenses therefor as held by many cases cited in the defendant's brief. But these rules do not apply to the question here at issue.

In *Clement's appeal from probate*, 49 Conn. 519, an executor in the settlement of his final account, charged the estate for his services and expenses in defending against an appeal from the allowance by a probate court of his prior account.    It was held that he was entitled to an allowance out of the estate of a portion of the expenses incurred in the previous proceeding.    But the question here discussed was not raised nor considered in that case.

The entry must therefore be,

*Exceptions sustained.*