1. EXECUTORS AND ADMINISTRATORS—SETTLING EXECUTORS' ACCOUNT.
   A decree settling an executor's account will not be disturbed on general allegations of fraud unsupported by evidence.

2. TESTAMENTARY TRUSTEE—ACCOUNTING.
   A petition against a testamentary trustee for an accounting does not come under Code Civ. Proc. §§ 2804, 2806, prescribing procedure to compel such trustee to pay over money or property.

3. LIMITATION OF ACTIONS.
   Though a testamentary trustee characterizes his payments to the beneficiary as gifts, this is not such a disavowal of the relationship as will set in operation the statute of limitations.

Proceedings for accounting against William G. McCormick as executor and trustee of William H. Martin, deceased. Decree for accounting as trustee.

John N. Johnson, for petitioner.
Abner C. Thomas, for executor.

VARNUM, S. The application herein was heard by Surrogate Arnold, and it has since been stipulated that the questions involved be decided by me. The prayer of the petition is that the respondent be directed to account "as executor and trustee." It appears that a decree judicially settling the accounts of respondent as executor was made by this court in 1870. While a general allegation of fraud is now made, no evidence to substantiate such allegation is submitted. There is no valid reason given why this decree should not be permitted to stand. In re Tilden's Ex'rs, 98 N. Y. 434.

The sole question that remains is as to the liability of the respondent to account as testamentary trustee. It is contended that, even if such an obligation exists, the present petition is fatally defective, in that it does not comply with the requirements of sections 2804 and 2806 of the Code of Civil Procedure. Those sections contain the provisions applicable to proceedings by a beneficiary to compel a trustee to pay over money or deliver personal property. The petition herein asks for an accounting only, and therefore comes directly under

sections 2807 and 2808, the requirements of which appear to have been followed.

It is urged that the statute of limitations has run against the petitioner. A certain portion of the trust estate became payable to the petitioner upon the death of a life beneficiary, in 1897, and hence as to this portion no question of limitation can be raised. The remainder of the trust funds became payable at the majority of the petitioner, in 1873. The statute does not run between the beneficiary and trustee of an express trust, such as was created by the will of the decedent, unless there has been a distinct disavowal or repudiation of the relationship by the trustee, clearly and unmistakably conveyed to the cestui que trust. 27 Am. & Eng. Enc. Law, p. 100; Kane v. Bloodgood, 7 Johns. Ch. 90. Respondent avers that he did expressly repudiate the trust, and explains various payments made to the beneficiary during the last 20 years by characterizing them as gifts. From the evidence before me, however, I cannot find that these and other allegations of the respondent establish that the trustee assumed such an antagonistic attitude towards the beneficiary as to cause the statute now invoked to be set in operation.

Respondent will be ordered to account as testamentary trustee. Decreed accordingly.