MAUDE DEEHAN HILTZ, APPELLANT FROM DECREE OF
PROBATE JUDGE IN RE JOHN E. DEEHAN'S WILL.

Kennebec.     Opinion May 12, 1931.

*Joseph E. F. Connolly,*
*Ralph W. Farris,* for proponents.
*McLean, Fogg & Southard,* for appellant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRING-TON, THAXTER, JJ.

DUNN, J. A signed and witnessed instrument, bearing date January 27, 1930, was approved and allowed by the Probate Court in Kennebec County, as and for the last will of John E. Deehan, late of Augusta, deceased.

A sister of the decedent, she being one of his heirs at law, appealed from the decree of the Probate Court to the Superior Court, as the Supreme Court of Probate. R. S., Chap. 75, Sec. 31. The questions of compliance with the statutory requirements in the execution of the will, of testamentary capacity, and of undue influence and fraud were those presented to the Appellate Court on trial of the contest.

The decree of the Probate Court was affirmed. Besides, in precaution, the Supreme Court of Probate itself took proof, and admitted the propounded document to probate. Costs were denied the appellant. The case was then remitted for further proceedings. Appellant took exceptions. The exceptions have been argued.

Allowance of the will depended on the sufficiency of the evidence. In respect to execution of the will, and sound and disposing mind

and memory, the proponent had the burden of proof. *Chandler Will Case*, 102 Me., 72. Appellant had the burden in the issue of undue influence and fraud. *Chandler Will Case*, supra. The evidence, the court found, sustained the burden resting on the proponent. The appellant, it was found, failed to sustain the burden resting upon her.

The findings are not disturbable. Proof supported the burden of the proponent. The evidence introduced by the appellant was so meager as to have been most negligible.

It remains to consider whether appellant was entitled to costs. The power to award costs in contested probate cases does not exist independently of the statutes. The relevant provision of the statute is that "in all contested cases in the original or appellate court of probate, costs may be allowed to either party, to be paid by the other, or to either or both parties, to be paid out of the estate in controversy, as justice requires." R. S., *supra*, Sec. 38.

"Costs," as the statute uses the term, means taxable costs as ordinarily taxed, and does not include attorney's fees. *Brown* v. *Corey*, 134 Mass., 249. The whole subject of costs in matters of this kind lies in judicial discretion. *Peabody* v. *Mattocks*, 88 Me., 164. In the present case, discretion was not abused.

*Exceptions overruled.*