GOODRIDGE, ADM'X ET AL.,

APPELLANTS FROM DECREE OF THE JUDGE OF PROBATE FOR

CUMBERLAND COUNTY IN THE MATTER OF THE WILL OF

MR. PHILIP GOODRIDGE, DECEASED.

Cumberland.      Opinion, July 15, 1940.

14

*Harry L. Cram,*
*Charles E. Gurney,* for exceptant.
*Clifford E. McGlauflin,*
*Daniel C. McDonald,* for contestants.

SITTING: BARNES, C. J., STURGIS, THAXTER, HUDSON, MANSER, WORSTER, JJ.

HUDSON, J.   On exceptions to a ruling of law by a justice of the Superior Court sitting as Supreme Court of Probate.

The Probate Court decreed approval and allowance of the will of Philip Goodridge, late of Portland, from which an appeal was taken to the Supreme Court of Probate. The appellate court affirmed the decree below and upon the petition of the appellant praying for allowance of expert witness fees, ruled and ordered that they be paid out of the estate. To this ruling exceptions were taken and perfected.

The only question is whether the Supreme Court of Probate has the right to allow expert witness fees as costs.

Costs in contested probate cases exist only by statute. *Hiltz, Appellant,* 130 Me., 243, 245, 154 A., 645. Also, costs in other civil cases are allowable only by virtue of statute (*Maine Bank* v. *Osborn,* 13 Me., 49, 51; *Freeman* v. *Cram,* 13 Me., 255, 260; *Mudgett* v. *Emery,* 38 Me., 255) and have statute regulation. *Fuller* v. *Miller,* 58 Me., 40; *Stilson* v. *Leeman,* 75 Me., 412; *Watson* v. *Delano,* 86 Me., 508, 30 A., 114.

Section 38 of Chap. 75, R. S. 1930 provides:

> "In all contested cases in the original or appellate court of probate, costs may be allowed to either party, to be paid by the other, or to either or both parties, to be paid out of the estate in controversy, as justice requires; and executions may be issued therefor as in courts of common law."

Costs allowable under this statute rest in the discretion of the court. *Peabody* v. *Mattocks,* 88 Me., 164, 167, 33 A., 900. It had

been so held in *Alvord* v. *Stone*, 78 Me., 296 where it was stated on page 299, 4 A., 697:

"Neither party has a legal right to costs. The whole subject of costs rests in the discretion of the courts. The power of the court is precisely the same as in equity."

However, to determine the extent of this granted discretion, it is necessary to construe the word "costs" as it is used in the statute. Does it include expert witness fees? We think not. In *Hiltz, Appellant*, supra, our court held that it did not include attorneys' fees, because "costs" as used in the statute means taxable costs as *ordinarily* taxed. To the same effect is *Brown* v. *Corey*, 134 Mass., 249, in which the court declared on page 251 that the Probate Court "has not the power in contested probate cases to award counsel fees *or other expenses* as 'costs ;' . . ." (Italics ours.)

While it is true, as stated in the *Peabody* and *Alvord Cases*, supra, that the whole subject of costs rests in the discretion of the court, yet the court does not have the right to extend its discretion over items of asserted costs that are not ordinarily taxed as taxable costs. For instance, it would not be within the discretion of the court to allow a non-expert witness an amount *per diem* in excess of the fixed statutory fee, although the court felt that justice required that that be done in the particular case. Other costs in probate litigation, such as expense incurred by the use of an expert either in preparatory investigation or in testifying in court, is as much without the pale of the statute as fees of counsel.

This does not mean, however, that one testifying as an expert in Probate Court may not recover reasonable compensation for such service from the party who uses him in that capacity. *Gordon* v. *Conley et al., O'Neil* v. *Conley et al., Twitchell* v. *Conley et al.*, 107 Me., 286, 78 A., 365.

Not until 1909 did we have any statutory provision for the payment of expert witness fees. See Chap. 195, P. L. 1909. That statute as amended now reads:

"Witnesses in the supreme judicial court or the superior court *or in the probate courts* and before a trial justice or a municipal court, shall receive two dollars, and before referees, audi-

tors, or commissioners specially appointed to take testimony, or special commissioners on disputed claims appointed by probate courts, òne dollar and fifty cents, or before the county commissioners one dollar, for each day's attendance and six cents a mile for each mile's travel going and returning home; *but the court in its discretion, may allow at the trial of any cause, civil or criminal, in said supreme judicial court or the superior court, a sum not exceeding twenty-five dollars per day for the attendance of any expert witness or witnesses at said trial, in taxing the cost of the prevailing party*; but such party or his attorney of record, shall first file an affidavit, during the term at which such trial is held, and before the cause is settled, stating the name, residence, number of days in attendance, and the actual amount paid or to be paid each expert witness, in attendance at such trial. And no more than two dollars per day shall be allowed or taxed by the clerk of courts, in the costs of any suit, for the per diem attendance of a witness, unless the affidavit herein provided, is filed, and the per diem is determined and allowed by the presiding justice." (Italics ours.) Sec. 7, Chap. 126, R. S. 1930.

Having concluded that these expert witness fees are not allowable under Sec. 38 of Chap. 75, R. S. 1930, *supra*, are they recoverable under said Sec. 7? By this statute the legislature first fixed the *per diem* fees of *non-expert witnesses* "in the supreme judicial court or the superior court or in the probate courts and before a trial justice or a municipal court . . . and before referees, auditors, or commissioners specially appointed to take testimony, or special commissioners on disputed claims appointed by probate courts . . . or before the county commissioners" and then proceeded to authorize within the court's discretion the allowance of *expert witness fees* not in excess of twenty-five dollars per day, but only "in said supreme judicial court or the superior court. . . ."

The language of this statute does not permit a construction giving authority for the allowance of expert witness fees in the Probate Court, either original or appellate. The only authority for the allowance of expert witness fees is when an expert testifies "at the trial of any cause, civil or criminal, *in said supreme judicial*

*court or the superior court* . . . ," and the words "the superior court" as used in the statute we hold do not refer to the Superior Court sitting as Supreme Court of Probate. We think that is manifest from the mention of the Probate Courts in the first clause of the statute and the significant non-mention of Probate Courts in the later clause having to do with fees of expert witnesses.

It may also be stated that under this statute, if expert witness fees were taxable, they could be taxed only in the "costs of the prevailing party." Here the party seeking the allowance of these fees prevailed neither in the original nor in the Supreme Court of Probate.

The entry must be,

> *Exceptions sustained.*
> *Decree below reversed*
> *insofar as it allowed*
> *payment of expert*
> *witness fees.*