**ESTATE OF Henry P. BRIDEAU.**

Supreme Judicial Court of Maine.

Argued March 10, 1983.
Decided April 20, 1983.

Grover G. Alexander (orally), Gray, for plaintiff.

Petruccelli, Cohen, Erler & Cox, Gerald F. Petruccelli (orally), Portland, for defendant.

Before NICHOLS, CARTER, VIOLETTE and WATHEN, JJ., and DUFRESNE, A.R.J.

WATHEN, Justice.

The administratrix of the estate of Henry Brideau appeals from an order of the Superior Court (Cumberland County) sitting as the Supreme Court of Probate. The order allowed payment of counsel fees from the estate for services rendered by counsel for the executor in the unsuccessful defense of a will against allegations of undue influence on the part of the executor. We sustain the authority of the court to allow such fees and therefore we deny the appeal.[1]

The procedural and factual background may be briefly stated: Henry Brideau died on May 29, 1975, leaving an instrument purporting to be his last will and testament dated May 12, 1975, naming Clifford Guimond as executor and residual beneficiary of his estate. Clifford Guimond hired attorney Walter Murrell to assist in probating the will of Henry Brideau. The will was offered on June 3, 1973 and was allowed by the Probate Court on September 24, 1976 after a contested hearing on the issue of undue influence. The heirs of Henry Brideau appealed the allowance of the will and the executor retained attorney Steven Juskewitch to assist Mr. Murrell in defending the will on appeal.

Trial *de novo* in the Supreme Court of Probate resulted in an order reversing the Probate Court and disallowing the will on the basis of undue influence exerted by Clifford Guimond. The will having been disallowed, the matter was remanded to the Probate Court for intestate administration. Attorney Juskewitch submitted an itemized bill to the estate for legal services rendered on the appeal and attorney Walter Murrell submitted an itemized bill for legal services rendered to date. The representative of the estate refused to pay the legal expense, claiming it to be the personal obligation of Clifford Guimond and not an obligation of the estate. On petition for allowance of fees submitted by counsel, the Probate Court ordered the estate to pay a portion of the legal expense. The estate appealed to the Supreme Court of Probate and, after hearing *de novo,* the court granted the petitions and allowed fees and disbursements to both Mr. Juskewitch and Mr. Murrell. The administratrix now appeals to this Court.[2]

At the time of Mr. Brideau's death in May of 1975, the allowance of costs in contested probate matters was governed by Section 551 of 18 M.R.S.A., which provided that "costs may be allowed to either party

---

1.  Neither party has challenged as unreasonable the amount of the fees awarded.

2.  The previous jurisdictional provisions of 4 M.R.S.A. §§ 401–406 for an appeal with a trial *de novo* to the Superior Court sitting as the Supreme Court of Probate were repealed by P.L.1979, ch. 540, Art. VIII, pt. 4, § 7–B and replaced by the new Probate Code. (18–A M.R.S.A. § 1–308 (1981)). The Probate Code, however, did not take effect until January 1, 1981, and thus those prior jurisdictional provisions control the appeal from the October 9, 1979 orders of the Probate Court awarding attorney fees in this case.

... to be paid out of the estate in controversy, as justice requires." Section 554 provided more generally, that "in cases where legal counsel is necessary, a reasonable sum" may be allowed.

■ As a general rule, the allowance of "costs" in *contested* probate cases rests in the sole discretion of the probate judge. It is well established, however, that such discretion exists only as it may be authorized by statute. *In Re Goodridge's Estate,* 137 Me. 13, 14, 14 A.2d 501, 502 (1940). Historically, "costs" under section 551 did not include an award of attorney fees. *Id.; In Re Deehan's Will,* 130 Me. 243, 245, 154 A. 645, 646 (1931). The rationale was that attorney fees were personal claims against the representative and could not be charged against the deceased. *Jones v. Silsby,* 143 Me. 275, 279, 61 A.2d 117, 119 (1948). Nevertheless, the Law Court recognized that "reasonable fees for necessary and beneficial legal services" were "frequently allowed by judges of probate." *Id.; quoting Baker v. Moor,* 63 Me. 443, 446–47 (1874); *see also Peabody v. Mattocks,* 88 Me. 164, 168, 33 A. 900, 901 (1895). Indeed, this Court, on at least one occasion, directed that "reasonable" counsel fees be charged against the estate. *Cassidy v. Murray,* 144 Me. 326, 330, 68 A.2d 390, 392 (1949).

■ In 1975, the legislature amended section 551, effective July 29, 1976, to expressly include attorneys' fees, "to be paid to either or both parties, *out of the estate in controversy,* as justice requires." (emphasis added) At the same time, the legislature limited the authority granted by expressly prohibiting the courts from awarding attorneys' fees from the estate to parties contesting the will on the basis of undue influ-

ence, "if the party contesting the will is unsuccessful." The limitation denies fees only to an unsuccessful *contesting* party and does not expressly address the present controversy. Clearly it was the intent of the legislature to prevent those who challenged a will on an unfounded claim from recovering their costs and attorney's fees, thereby discouraging speculative claims and nuisance actions. Similar policy considerations do not compel the conclusion that costs should be denied to a party who, in good faith, unsuccessfully *defends* a will challenged for undue influence. We conclude that section 551, as amended in 1975, was a clear legislative expression permitting the allowance of counsel fees. We further conclude that the limitation to that general grant of authority would have no application, either expressly or impliedly, to the facts in the subject case.

The enactment of the Probate Code [3] resulted in section 551 being carried forward in substantially identical form (18–A M.R.S.A. § 1–601). Section 3–720 of 18–A M.R.S.A. replaced the provisions of section 554 and provides specifically that costs, including reasonable attorneys fees, may be allowed to any personal representative who "defends or prosecutes any proceeding in good faith, whether successful or not ...." The appellants argue that section 3–720 thereby limits the general grant of authority now contained in section 1–601. It is argued that the attorneys who are party to this controversy, stand in the shoes of the executor, and are disqualified by his bad faith in defending the challenge to the will.[4] While other jurisdictions have considered whether the good faith of the executor must be established as a condition prece-

---

3. The Probate Code, 18–A M.R.S.A. §§ 1–101 *et seq.,* is applicable to estates *pending* as of January 1, 1981, and, accordingly, is applicable to the present case. 18–A M.R.S.A. § 8–401(b)(2).

4. The court below did not make an express finding as to the alleged bad faith of Mr. Guimond. Other courts which have considered the issue whether a finding of undue influence necessarily implies bad faith have come to incon-

sistent results. *Compare Russell v. Moeling,* 526 S.W.2d 533, 536 (Tx.1975) (undue influence does not *per se* imply bad faith), *with In Re Estate of Kaufmann,* 51 Misc.2d 560, 562, 273 N.Y.S.2d 533, 536 (1966) (undue influence is "in and of itself an act of bad faith"). Because we conclude that the bad faith of the executor would not preclude the allowance of attorneys' fees, it is unnecessary to address this issue.

dent to an award of attorneys' fees, the results have not been uniform. *Compare, e.g., In Re Kleinlein's Estate,* 59 Wash.2d 111, 115, 366 P.2d 186, 189 (1961) ("water can rise no higher than its source"), *with Watts v. Newport,* 151 Fla. 209, 218, 9 So.2d 417, 421 (1942) ("can it be said that it was not of some benefit to the estate to have both the proponent and the heirs ... represented by able and industrious attorneys acting in good faith and earnestly representing their respective sides of the controversy in their capacity of attorneys for their respective clients and also as honorable officers of the court, to the end that the question of the validity of the purported will be thoroughly tried out and determined?")

We adopt the rationale of the Florida court. To preclude compensation as a matter of policy for appellants who, in good faith,[5] defend a contested will, would be inconsistent with the discretionary allowance of fees authorized by 18–A M.R.S.A. § 1–601. Further, such a result is not required by any existing statutory limitation.

The appellees defended in good faith a will which was facially valid and was found by the Probate Court to be a valid expression of Mr. Brideau's testamentary intent. Until disallowed, appellees had the duty to vigorously defend the will so that its validity could be tried and determined. The court did not exceed its authority nor abuse its discretion in allowing counsel fees under the circumstances of this case.

The entry is:

Judgment affirmed.

All concurring.

---

**5.** The appellant expressly concedes the good faith of appellees.