**Doreen MERCIER,**

v.

**Clifford GUIMOND.**

Supreme Judicial Court of Maine.

Argued Nov. 10, 1987.
Decided Jan. 8, 1988.

---

7. M.R.Civ.P. 16(c)(3) provides that the pretrial order controls the course of the case.

**1330**

Grover G. Alexander (orally), Gray, for plaintiff.

Peter B. LaFond (orally), Jensen, Baird, Gardner & Henry, Portland, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

SCOLNIK, Justice.

In this appeal from a judgment of the Superior Court, Cumberland County, the plaintiff, Doreen Mercier, challenges the court's denial of her motion to amend the complaint, the dismissal of Count I seeking attorney fees, and the entry of judgment for the defendant, Clifford Guimond.

On May 29, 1975, Clifford Guimond's nephew died leaving an instrument purporting to be his last will that named Guimond as executor and beneficiary of his estate. The will was initially allowed by the Probate Court but subsequently disallowed on appeal to the Superior Court sitting as the Supreme Court of Probate because of undue influence exerted by Mr. Guimond. When the matter was remanded to the Probate Court for intestate administration, the attorneys employed by Guimond for the probate and defense of the will submitted bills for their legal fees. On petition for allowance of the fees, the Probate Court ordered the estate to pay the legal expense. The estate, of which the plaintiff Doreen Mercier had become the administratrix, appealed to the Superior Court (again sitting as the Supreme Court of Probate), which allowed the attorney fees. We affirmed this judgment in *Estate of Brideau*, 458 A.2d 745 (Me.1983).

As administratrix of Henry Brideau's estate, the plaintiff initiated the present action against defendant Guimond, the former executor. Count I of the complaint sought legal fees incurred by the estate in the previous litigation concerning the will and other counts claimed damages for conversion. Although the defendant moved for summary judgment on all counts of the complaint, the Superior Court dismissed only Count I, concerning legal fees, basing its ruling on this court's decision in *Estate of Brideau*. A non-jury trial was held on the remaining counts and at the close of evidence the plaintiff moved to amend her complaint by adding allegations of negligence and breach of fiduciary duty. The presiding justice denied the motion and ordered judgment entered for the defendant. This appeal followed.

We find no merit in the plaintiff's argument that the Superior Court erred in dismissing Count I of the plaintiff's complaint concerning the defendant's responsibility for payment of attorney fees arising from the litigation of the Brideau will. Since the issue was previously litigated by the same parties in *Estate of Brideau* with final judgment having been entered in that case, principles of *res judicata* preclude plaintiff from reasserting the claim. *Caporino v. Lacasse,* 511 A.2d 445, 447 (Me. 1986).

We also find no merit to plaintiff's argument that although the issues of negligence and breach of fiduciary duty were not alleged in her complaint, they were tried by consent of the parties and therefore the presiding justice should have granted her motion to amend under M.R. Civ.P. 15(b). For Rule 15(b) to apply, and for the court to allow a post-trial amendment to conform pleadings to the evidence, it is essential that (1) the evidence justify the amendment, (2) the issues be tried with the express or implied consent of the parties, and (3) the defendant not be prejudiced. *See Wilson v. Strong,* 474 A.2d 176, 178 (Me.1984). The presiding justice found that the issues of negligence and fiduciary duty were not tried by consent and the amendment requested by the plaintiff would indeed prejudice the defendant. After a careful review we conclude that the justice's determination of this issue is supported by the record. Accordingly, his denial of the motion to amend was not error.

Finally, because the evidence amply supports the justice's determination that the plaintiff failed to sustain her burden of proving her only remaining claim of conversion, we find no error in the justice's entry of judgment for the defendant.

Accordingly, the entry is:

Judgment affirmed.

All concurring.