POWELL v. BARNARD et al.—95 S. W. (2d) 57.

Middle Section. February 8, 1936.

Petition for Certiorari denied by Supreme Court, June 13, 1936.

32

W. M. Fuqua and Wm. D. Dodson, both of Nashville, for Powell.
Cecil Sims, Chas. H. Rutherford, and Charles H. Rutherford, Jr., all of Nashville, for Barnard and others.

CROWNOVER, J. This was a proceeding for the allowance and the determination of the amount of attorneys' fees and expenses of the suit incurred by an executor in a will contest in which he was unsuccessful in establishing the will.

Mrs. Etta M. Bixby died, leaving a will by which she devised and bequeathed practically all of her estate to George W. Powell and appointed him executor of said will.

The will was contested by her heirs at law on the grounds of mental incapacity of the testator and fraud and undue influence on the part of Powell. The jury found against the will on the ground of undue influence.

The Court of Appeals affirmed the trial court, holding that the illicit relation of the testatrix and said Powell was a material fact to be considered by the jury in reaching a verdict upon the issue of undue influence, and there was material evidence to support the verdict of the jury.

Petition for certiorari was denied by the Supreme Court.

Upon remand said executor filed a petition in the circuit court in said cause, asking the court to allow him attorneys' fees for services rendered by his attorneys in contesting the will and for allowance of the expenses of the suit.

Defendants answered averring that petitioner was not entitled to attorneys' fees and expenses of the suit because he was not acting in good faith; that he was attempting to have set up a will procured by him by fraud and undue influence.

The trial judge heard the case on the petition, answer, arguments of counsel, the bill of exceptions filed on the previous trial, and the entire record in the cause, including the opinion of the Court of Appeals and the petition to the Supreme Court for writ of certiorari, and allowed attorneys' fees of $1,750 and all expenses.

The case was heard on the whole record, and no testimony was heard, the trial judge holding that oral testimony of the executor as to his good faith was incompetent testimony.

Defendants excepted to said judgment and appealed to this court. No motion for a new trial was made in the circuit court. Defendants have assigned errors as follows:

(1) The court erred in holding and decreeing that the will was probated in good faith by the executor and in allowing him $1,750 attorneys' fees.

(2) The court erred in holding that the court costs were a proper expense of the administration of the estate. The court had already adjudicated the costs, and the action of the court had been affirmed by the Supreme Court.

(3) The court erred in holding and decreeing that the costs of printing briefs on appeal are a proper expense of the administration of said estate and in decreeing that such expense should be charged against the estate.

The defendant in error executor filed a motion in this court to dismiss the appeal in this cause and to affirm the judgment of the trial court because no motion for a new trial was made and filed in the trial court.

We will first dispose of the motion to dismiss the appeal. It will be observed that the whole record including the bill of exceptions was referred to and made a part of the petition by the following language:

"Petitioner hereby refers to and makes a part hereof as fully as though incorporated herein a copy of the record in the Chancery Court of the chancery case, aforesaid, styled, Mrs. Mary A. Barnard et al. v. George W. Powell, and the record of the trial in this cause now on file in the clerk's office, together with a copy of the opinion of the Court of Appeals, the assignments of error and brief of petitioner in the Court Appeals, the petition for certiorari in the Supreme Court, the reply brief of the defendants in the Court of Appeals and their reply brief and petition for certiorari in the Supreme Court."

Of course, all of the record in the case on the preceding trial had already been filed, but the petition attempted to bring in the record in a chancery case, the assignments of errors and brief on appeal, and the petition for certiorari in the Supreme Court, which had not been previously introduced in the case in the trial court. In the prayer for relief it is asked that all the records, briefs, etc., heretofore made a part of this petition be read on the hearing and such other evidence be allowed to be offered as may be necessary for the court to properly adjudicate the matter, etc.

Thus it will be seen that the record in the chancery case, the assignments of errors and brief in the Court of Appeals, and the petition and brief in the Supreme Court were not actually filed as exhibits to the petition.

Ordinarily, where exhibits to bills or petitions or to pleadings

are actually filed in the chancery court they become a part of the pleadings. Warner v. Maroney, 16 Tenn. App., 78, 88, 66 S. W. (2d), 244; 8 Standard Ency. of Procedure, 816; opinion of this court filed at Knoxville, on March 19, 1932, in the case of City of Maryville v. W. A. Ware et al.,[1] Blount county equity.

But this rule, that exhibits to pleadings become a part of the pleadings (the technical record), applies only to chancery courts, and does not apply to law courts unless oyer is craved.

"Although plaintiff has, in his declaration, made profert of the contract sued on, it cannot be looked to upon demurrer, unless oyer thereof has likewise been demanded and granted." Standard Loan & Acc. Insurance Co. v. Thornton, 97 Tenn., 1, 40 S. W., 136; Waterhouse v. Sterchi Bros. Furniture Co., 139 Tenn., 117, 201 S. W., 150.

■ It is not necessary to include in the motion for a new trial errors apparent upon the face of the technical record, such as arise upon the pleadings, etc. The technical record is made up and consists only of process, pleadings, minute entries, verdict, judgment, and bonds. Hayes & Chunn v. Holland, 11 Tenn. App., 490, 492.

In this case oyer was not craved and granted, but we do not think that this proposition is material for the reason that the question whether the executor brought the suit in good faith was a question of fact to be determined upon the exhibits to the petition, which included the bill of exceptions and the whole record in the case, and the court necessarily had to look to all the facts set out in the bill of exceptions in order to determine whether the suit was brought in good faith.

■ ■ It was held in the case of Smith v. Haire, 133 Tenn., 343, 181 S. W., 161, Ann. Cas., 1916D, 529, that an executor who in good faith propounded a will for probate is entitled to his costs and attorneys' fees whether the will is set aside or not, but where a will was procured by fraud and undue influence, and the executor who propounded it for probate was the chief beneficiary, and was responsible for the fraud, he is not entitled to costs on the theory that he propounded the will in good faith.

■ It is held in the case of Lassiter v. Travis, 98 Tenn., 330, 336, 39 S. W., 226, 227, that:

"Good faith has two aspects, the one involving an honest belief that the paper propounded is a valid will, and the other fidelity to the side of the proponent throughout the contest."

■ ■ Hence, the question of the executor's good faith was a question of fact and had to be determined upon the record at the trial in the lower court. This being true, a motion for a new trial was necessary.

In Tennessee Cent. Railroad Co. v. Foster, 112 Tenn., 345, 80 S. W.,

---

[1] Not for publication.

585, and Citizen's Nat. Life Ins. Co. v. Witherspoon, 127 Tenn., 363, 366, 155 S. W., 139, it was held that such findings of fact, when signed and filed by the court, became a part of the record under the statute without being incorporated into a bill of exceptions. These cases, however, did not hold that in such a case a motion for a new trial was unnecessary.

"Observing, therefore, the rule announced in the foregoing cases, where the conclusion of the court of law is the result of a consideration of facts, and an application of the law thereto, a motion for new trial is necessary to authorize a review on appeal in error, whether the facts are presented to the trial court upon agreed facts, *facts disclosed in documents exhibited with the pleadings, or facts presented to the court as exhibits to or made part of the return to a writ.*"

█ It results that the judgment of the lower court must be affirmed, as we cannot consider the assignments of errors as they involve questions of fact. A judgment will be entered in this court for $1,750 attorneys' fees and the costs as adjudicated below. The costs of the appeal including the costs of the lower court are adjudged against the estate of Mrs. Etta M. Bixby. The cause is remanded to the circuit court of Davidson county, where (if no general administrator has been appointed) an administrator for the estate of Mrs. Etta M. Bixby may be appointed, and such proper judgments entered as will effectuate the judgment of this court. Code, section 8166.

Faw, P. J., and DeWitt, J., concur.