MAY GIASI, Appellant, v. METROPOLITAN LIFE INSURANCE COMPANY, Respondent.— Present — Close, P. J., Hagarty, Johnston, Taylor and Lewis, JJ.

In the Matter of the Will of FREDERICK S. REEVES, Deceased. LEONA H. FRANKENBACH, Executrix Named in the Will, Appellant-Respondent; EMILY R. COOKERLY, Respondent-Appellant.—

Motion for leave to appeal to the Court of Appeals denied on the ground that an appeal lies as a matter of right. Motion for reargument for the limited purpose of amending the decision and order of this court handed down on May 24, 1943 [ante, p. 799], so as to incorporate therein a statement, pursuant to Civil Practice Act, section 602, that the findings of fact made by the Surrogate's Court have been affirmed by this court, will be treated as a motion to amend the decision. The motion is granted. The findings of fact made by the Surrogate's Court were passed upon in this court. Said decision is, therefore, amended nunc pro tunc as of May 24, 1943, without prejudice to any of the proceedings taken thereafter, to read as follows: "Proceeding in the Surrogate's Court of Suffolk County to probate a script executed by the decedent on April 11, 1940. Appeal by proponent from a decree denying probate upon the findings of a jury that the instrument was the product of undue influence and fraud. Cross appeal by contestant from so much of the decree as denied her motion to assess the costs against the proponent personally and granted costs to the proponent, payable out of the estate. Decree modified on the law by striking therefrom the provisions awarding costs, disbursements and other expenses, aggregating $11,340.18, to the proponent, payable out of the estate. As thus modified, the decree, insofar as appealed from, is unanimously affirmed, with costs to the contestant, payable by the proponent personally. The findings of fact made in the Surrogate's Court have been considered and are affirmed. Costs may not be awarded to an unsuccessful proponent of a will where probate is denied on a ground that imputes to the proponent personally wrongful conduct in connection with the instrument propounded for probate. (Matter of Marshall, 189 App. Div. 477; Matter of Jackson, 127 Misc. 187.) The script failed of probate because of undue influence and fraud practiced by the proponent personally. This determination, however, involved no reflection upon the draftsman of the will, because the finding of the court, supported by the evidence, was that the will was executed in compliance with the statute and that the decedent had testamentary capacity. The vice in the situation was not and could not be known to the draftsman under the peculiar circumstances herein, and there was no claim that he was a party to or aware of the effect of the conduct of the proponent upon the decedent." The order is amended accordingly. Pending an appeal to the Court of Appeals this court has the power to amend its decision and order to accord with the facts, and to make such amendment retroactive. (National City Bank of N. Y. v. N. Y. Gold Exchange Bank, 97 N. Y. 645; Judson v. Central Vermont R. R. Co., 158 N. Y. 597, 600.) Present — Close, P. J., Hagarty, Carswell, Taylor and Lewis, JJ.

GEORGE H. WILEY et al., Respondents, v. NAT MOSES et al., as Executors of LENA LESS, Deceased, Appellants.— Present — Close, P. J., Hagarty, Johnston, Taylor and Lewis, JJ.