[No. 35216. Department One. May 12, 1960.]

HELEN MONTGOMERY, *Appellant*, v. LESTER V. DOUGHERTY, JR., as *Executor, Respondent and Cross-appellant*.[1]

*Peterson & Taylor*, for appellant.

*Leavy & Taber*, for respondent and cross-appellant.

PER CURIAM.—This is an action on a promissory note for the principal sum of six thousand dollars executed by Lester V. Dougherty, Sr., during his lifetime and delivered to appellant. After his death appellant duly filed a claim against his estate, based thereon, which was rejected by the executor.

In his answer the executor (respondent) denied that there

[1]Reported in 352 P. (2d) 210.

was any consideration furnished by appellant for the promissory note and, for an affirmative defense, alleged that for many years prior to his death the decedent was a married man, all of whose assets were community property; that the promissory note was executed as a fraud on the marital community and was void. The executor also cross-complained to recover certain past-due rental alleged to be owing from appellant to the decedent at the time of his death and, also, to recover from appellant five thousand dollars alleged to be the amount of unpaid loans made by decedent to appellant prior to his death. There was a further allegation in the cross-complaint that after decedent's death appellant had wrongfully taken possession of certain articles of personal property which belonged to his estate.

Appellant denied the material allegations of the cross-complaint and of the affirmative defense set forth in the answer.

The case was tried to the court sitting without a jury. Appellant testified as to her ownership of the promissory note and its nonpayment, and rested. She was then called by the executor as an adverse witness and was examined at length as to various transactions between her and the decedent which took place between 1944 and 1958 (decedent died July 25, 1958). Appellant admitted that during this period she and the decedent had maintained an intimate relationship, and that she had on occasions used the name of "Mrs. L. V. Dougherty, Sr."

At the close of the taking of testimony the trial court entered findings of fact, conclusions of law, and judgment dismissing appellant's complaint and also dismissing the executor's cross-complaint, except that appellant was ordered to deliver to the executor certain fishing tackle.

Appellant has appealed from the judgment dismissing her complaint, and the executor has cross-appealed from the dismissal of his cross-complaint.

This case involves only issues of fact. The trial court saw the witnesses and heard their testimony (there was only one witness besides appellant and the executor).

Appellant challenges findings Nos. 3, 4, and 5, while the

executor assigns error to the entry of findings Nos. 6 and 8.

There was substantial evidence to support these findings of the trial court and, therefore, we accept them as verities. *Thorndike v. Hesperian Orchards, Inc.*, 54 Wn. (2d) 570, 343 P. (2d) 183 (1959); *Radiant Glassheat of Tacoma v. Sekor*, 55 Wn. (2d) 904, 348 P. (2d) 976 (1960).

Since the findings in all respects support the judgment entered by the trial court, it is hereby affirmed both as to the appeal and the cross-appeal.

Neither party shall recover costs in this court.