[Nos. 35727, 35732.   Department One.   November 16, 1961.]

*In the Matter of the Estate of* JENNIE KLEINLEIN, *Deceased.*

JEANNETTE AKINS *et al., Respondents and Cross-appellants,* v. ARNOLD M. KLEINLEIN, *Appellant.**

*Reported in 366 P. (2d) 186.

*Felix & Abel*, for appellant.

*Casey & Pruzan*, for respondents and cross-appellants.

FOSTER, J.—This is an appeal by the deposed executor, Arnold Kleinlein, from a final judgment in consolidated actions revoking the probate of an instrument dated June 23, 1959 (previously admitted to probate as the last will and testament of Jennie Kleinlein, deceased), and declaring void an instrument dated April 9, 1959, which purported to be the will of the same person. Both actions raised the same issues and were decided upon the same evidence. It is unnecessary to further differentiate except for the attorneys' fees awarded to the lawyers of the deposed executor against the estate on the cross-appeal of the heirs at law in the first mentioned will contest.

The trial was protracted, and a bulky record is brought here. Both counsel have discussed the evidence in detail, but, notwithstanding that the estate is large indeed, no useful purpose would be served either to the parties or the legal profession by summarizing it because at most the appeal presents nothing more than a dispute of fact on which the findings of the trial court are accepted here if supported by substantial evidence.

Jennie Kleinlein was eighty-five years of age at the time of her death on August 25, 1959. She had two grandchildren who are her only heirs, both of whom were disinherited in each will except that in one will they were each left ten thousand dollars for the education of their children.

While the court found both wills were invalid on several grounds, the appellant, Arnold M. Kleinlein, who is not related to the deceased but who is the principal beneficiary in both wills and who procured their execution, cannot prevail unless the court erred in all of the grounds upon which the wills were held to be invalid. It is, therefore, unnecessary to discuss all of the claimed errors if there is one correct reason for holding the wills invalid.

The court found that, at the time of the execution of

each will, Jennie Kleinlein lacked testamentary capacity. This is abundantly supported by the proofs and, indeed, any other conclusion would be preposterous.

■ Appellant mistakenly asserts that the two causes under appeal are to be tried *de novo*. Such was the law prior to 1951 when the statute so providing was abrogated by the court under its constitutional rule-making power. The statute itself has been repealed by the legislature. *Thorndike v. Hesperian Orchards, Inc.*, 54 Wn. (2d) 570, 343 P. (2d) 183; *Cuillier v. Coffin*, 57 Wn. (2d) 624, 358 P. (2d) 958; *Leppaluoto v. Eggleston*, 57 Wn. (2d) 393, 357 P. (2d) 725; *DeBlasio v. Town of Kittitas*, 57 Wn. (2d) 208, 356 P. (2d) 606; *Gooden v. Hunter*, 56 Wn. (2d) 617, 355 P. (2d) 20; *Schutz v. Schutz*, 56 Wn. (2d) 969, 354 P. (2d) 694; *Mack v. Eldorado Water Dist.*, 56 Wn. (2d) 584, 354 P. (2d) 917; *Bjorneby v. Bjorneby*, 56 Wn. (2d) 561, 354 P. (2d) 384; *Zvolis v. Condos*, 56 Wn. (2d) 275, 352 P. (2d) 809; *Montgomery v. Dougherty*, 56 Wn. (2d) 228, 352 P. (2d) 210; *Gilbert v. Rogers*, 56 Wn. (2d) 185, 351 P. (2d) 535; *Stewart v. Smith*, 55 Wn. (2d) 563, 348 P. (2d) 970; *Kelly v. Kelly*, 55 Wn. (2d) 494, 348 P. (2d) 652; *Ostiguy v. A. F. Franke Constr., Inc.*, 55 Wn. (2d) 350, 347 P. (2d) 1049.

Our sole power is to ascertain whether the findings are supported by substantial evidence. The weight and credibility of the evidence are for the exclusive determination by the trial court.

The wills were dated April 9, 1959, and June 23, 1959. Jennie Kleinlein entered the hospital in March of 1959, pursuant to the orders of Dr. Lehman who had attended her continuously for more than four years. She was in a mentally confused state upon entry, remained so during hospitalization, and never recovered therefrom. In the interval between the March and July hospitalizations, Mrs. Kleinlein sustained a heart attack which further impaired her mental capacity.

The autopsy confirmed the opinion of the attending physician that Mrs. Kleinlein suffered from senile dementia. The brain tissue had so far dissolved that only twenty-five

per cent of the gray matter remained. The classical findings of senile dementia were confirmed by the *post mortem* examination.

Many witnesses, prominent in the financial affairs of the community, and whose standings are of the highest, testified that Jennie Kleinlein had no conception of the size or nature of her estate. Many testified that she was so incompetent that their institutions would have no dealings with her. The attorney for one of the banks of which the deceased was a customer testified unequivocally to her incompetency.

The evidence is uncontradicted that the deceased had a monthly income in excess of eight hundred dollars. Her estate was appraised at three hundred sixty thousand dollars, but she thought she was poverty stricken and could not afford the common necessities of life. The attending physician testified that the deceased believed she could not even afford hospitalization.

The court's finding that the deceased lacked testamentary capacity is supported by substantial evidence, indeed, any other conclusion is impossible.

Even though the court were wrong on all of the other grounds upon which it held that the wills were invalid, the decree would, nevertheless, be affirmed. There is, therefore, no occasion to consider appellant's other claims of error.

In the will contest, Jeannette Akins and John Thomas Foley, the grandchildren of Jennie Kleinlein, cross-appeal from the allowance of a ten thousand dollar attorneys' fee to be paid from the corpus of the estate to the attorneys for the executor Arnold Kleinlein who, under the terms of the will, would have received the great bulk of the estate.

Many lawyers appeared at different times for the deposed executor, Arnold Kleinlein. His counsel on this appeal did not participate in the trial. In fact, the appeal was taken by an entirely different lawyer who has since withdrawn. We may assume that all of the many lawyers who have acted on his behalf did so in the utmost good faith. But

that is not the test. The sole test is: Did the deposed executor act in good faith?

■ We have the positive finding that Arnold Kleinlein knew that the deceased was mentally incompetent and lacked testamentary capacity.[1] That finding is abundantly supported by the evidence and precludes any allowance out of the corpus of the estate for attorneys serving him. The court specifically found:

" . . . Arnold Kleinlein did not defend this will contest action in good faith, and is not entitled to costs or fees payable out of the estate."

Nevertheless, in conclusion of law No. 6,[2] which was carried forward in the judgment, the court determined that counsel for Arnold Kleinlein were entitled to ten thousand dollars for fees earned and costs expended by them. In face of the finding of fact, the conclusion and judgment cannot stand.

When the court found that Arnold Kleinlein did not defend the will in good faith and that he was not entitled to costs or fees as executor, that likewise determined the rights of the lawyers employed by him. Water can rise no higher than its source.[3] Such is the law.

---

[1] "Arnold Kleinlein knew that Jennie Kleinlein was suffering from the insane delusion concerning her granddaughter, and that that delusion was directly affecting her testamentary desires. Arnold Kleinlein knew that Jennie Kleinlein was mentally incompetent and did not have testamentary capacity. Arnold Kleinlein knew that he was exerting undue influence upon Jennie Kleinlein. Arnold Kleinlein did not defend this will contest action in good faith, and is not entitled to costs or fees payable out of the estate."

[2] "Counsel for Arnold M. Kleinlein, as Executor, are entitled to receive the sum of $10,000.00 from the estate in full payment of fees earned and costs expended by them. The Will Contestants' exception to this allowance is noted."

[3] "Defendant in error relies upon Renn v. Samos, 37 Tex. 240, and Gilroy v. Richards, 26 Tex. Civ. App. 355, 63 S. W. 667, as supporting a contrary view. In the Renn Case the will had been probated, and the heirs of the testator instituted suit against the legatees named in the will for the purpose of setting aside the same, charging fraud upon the part of the defendants in the pretended execution of the will, and in procuring its probate. The plaintiffs in that suit prevailed, but the trial court allowed defendants attorney's fees notwithstanding that they were convicted of fraud by the verdict. The appellate court

" . . . The test of the executor's right to have the costs of his unsuccessful attempt to prevent revocation of probate paid out of the estate is whether he has acted in good faith. (See *Estate of Berthol*, 163 Cal. 343 [125 Pac. 750].) It cannot be said that one exercises good faith in seeking to establish a will which he himself has, by fraud or undue influence, caused to be executed. . . ." *In re Jones' Estate*, 166 Cal. 147, 150, 135 Pac. 293.

Accord: *In re Graham's Estate*, 156 Fla. 421, 23 So. (2d) 485; *In re Randall's Estate*, 64 Idaho 629, 132 P. (2d) 763, 135 P. (2d) 299; *In re Carlson's Estate*, 156 Ore. 597, 68 P. (2d) 119; *In re Reeves' Will*, 266 App. Div. 968, 44 N. Y. S. (2d) 290; *Powell v. Barnard*, 20 Tenn. App. 31, 95 S. W. (2d) 57; Atkinson on Wills (2d ed.), 555, 557, § 102.

Nor does this mean that the attorneys are not entitled to reasonable compensation for the services performed by them for Arnold Kleinlein, but not from the estate of the person whom he betrayed. He is legally liable therefor. Under the circumstances of this record, the correct rule[4] was announced in *In re Limberg's Estate*, 60 N. Y. S. (2d) 669, as follows:

" . . . In view of his adjudged misconduct there is no legal or moral basis for the court to impose any part of his lawyers' fees in the probate contest upon the remaining distributees. Counsel must look to their client for their compensation. . . ."

---

held that that was a personal action against the defendant, and not against the representatives of the estate of Renn. Having been convicted of fraud, it is not surprising that the appellate court denied recovery. A contrary ruling would encourage fraud." *Pendleton v. Hare* (Tex. Comm. App.), 231 S. W. 334, 336.

[4]" . . . But where it is shown, as it was in this case, that the executor was a party to the fraudulent execution of the will and with full knowledge of the fraud he attempted to impose a false and fraudulent will upon the court, it is contrary to good morals and public policy that the estate should be mulcted in the costs and expenses of his unsuccessful effort to perpetuate the fraud." *In re Marshall's Will*, 189 App. Div. 477, 481, 178 N. Y. S. 711.

"On the record before us it must be assumed that the trial court properly refused costs and counsel fees to the executor. It is difficult, therefore, to perceive how counsel fees from the estate can properly be awarded appellants, who represented the executor. In other words, their rights are not superior to those of the executor whom they represented." *Wilson v. Veazey*, 30 F. (2d) 310, 311.

The court was in error in allowing the ten thousand dollar attorneys' fee and this portion of the decree must be reversed. The decree appealed from by Arnold Klein-lein is affirmed. The respondents and cross-appellants shall recover costs.

FINLEY, C. J., HILL, WEAVER, and ROSELLINI, JJ., concur.

January 8, 1962. Petition for rehearing denied.