In re ESTATE of KATHERINE T. TAYLOR, Deceased.

ALICE MARY TAYLOR, Executrix, Appellee, v. HASSELL SELF and Memphis Unity Church of Christianity, Appellants. —388 S.W.(2d) 657.

Western Section. July 31, 1963.

Rehearing Denied by Supreme Court November 6, 1963.

Certiorari Denied by Supreme Court October 11, 1963.

Shepherd, Heiskell, Williams, Wall & Kirsch, Memphis, for appellants.

W. G. Cavett, Memphis, for appellee.

CARNEY, J. The Probate Court disallowed the appellant, Mrs. Hassell Self, credit for attorneys' fees, stenographic fees and court costs incurred by her in defending a paper writing purporting to be the last will and testament of Mrs. Katherine T. Taylor. Mrs. Self was named executrix in the will which was dated May 16, 1960. Mrs. Taylor died June 25, 1960, in Memphis, Tennessee.

The will was offered for probate in common form and Mrs. Self qualified as executrix.

Two daughters of Mrs. Taylor filed notice of contest and the cause was certified to the Circuit Court of Shelby County, Tennessee, for trial on an issue of devisavit vel non. A jury returned a verdict against the will and judgment was entered thereon setting the will aside. Appeal in error was taken to this court.

After reviewing a 700 page record this court dismissed the appeal in error and affirmed the judgment of the lower court. In an opinion announced of date April 27, 1962, we held that there was competent material evidence upon which the jury could reasonably have found that the will was procured as a result of undue influence practiced upon Mrs. Taylor by the appellant, Mrs. Self.

Under the will which was set aside the two daughters of Mrs. Taylor were disinherited and all of her property was devised and bequeathed to the Memphis Unity Church of Christianity except $1,000.00 which was bequeathed to Mrs. Self. Mrs. Self is the minister and guiding influence of the Memphis Unity Church of Christianity. She receives $300.00 per month from the Church as compensation.

The estate consisted of a house and lot in Memphis, Tennessee, valued at approximately $6,000.00 and personal property represented by savings accounts, household furnishings, etc., of a value of approximately $5,000.00. Under a former will dated April 17, 1946, Mrs. Taylor had left all of her property to her two daughters, Mrs. May Taylor Walter and Miss Alice Mary Taylor.

No petition for certiorari was filed with the Supreme Court and the judgment of this court became final. Thereafter Miss Alice Mary Taylor offered the will of date April 17, 1946, for probate in common form and there has been no contest of this will. Since Miss Taylor is a non-resident of the State of Tennessee she was allowed to qualify as executrix and her attorney, Honorable W. G. Cavett, of Memphis, Tennessee, was named as Administrator, C.T.A. See T.C.A. Section 30-119.[1]

After the probate of the 1946 will of Mrs. Taylor, Mrs. Self was called on for a final settlement and accounting. One of the daughters of Mrs. Taylor, Mrs. May Taylor Walter, having died, her daughter and only heir, Mrs. Katrika Walter Striesfeld, joined with Miss Alice Mary Taylor in objecting and excepting to several items of credit claimed by Mrs. Self in her final accounting. The Probate Judge sustained the objections and exceptions

---

[1] T.C.A. Section 35-610.

to those items relating to the expenses of litigation incurred by Mrs. Self in attempting to sustain the validity of the 1960 will. His Honor Judge Sylvanus Polk was of opinion that since the will was set aside on the grounds of undue influence practiced by Mrs. Self upon Mrs. Taylor that she was not entitled to credit for expenses of litigation under our Tennessee case of Smith v. Haire, 1915, 133 Tenn. 343, 181 S.W. 161.

Mrs. Self, as executrix, and the Memphis Unity Church of Christianity, principal beneficiary under the invalid will and who were cast in the suit in Circuit Court have appealed. Their assignments of error are as follows:

## I.

"The Court erred in failing to sustain the report of the Clerk of the Court in which report the Clerk overruled every exception filed and held that Hassell Self, as Executrix, was entitled in her accounting to credit for the payments made.

"No transcript was made by the exceptors of the proceedings before the Clerk. Consequently, the Court, without having the benefit of any of the proceedings before the Clerk, overruled the report of the Clerk, and, thus, in effect, held that the reference to the Clerk was simply a nullity and futile in all respects.

## II.

"The Court erred in holding that because the issue of devisavit vel non had been decided against the will, it should not allow expenses incurred in good faith by the proponent in an effort to sustain the will.

## III.

"The Court erred in holding that the decision against the will was res adjudicata as to the question of undue

178

influence and that as a consequence expenses incurred in a bona fide attempt to sustain the will could not, as a matter of law, be allowed in the settlement of the account of the Executrix.''

 In the recent case of In Re: Lewis' Estate, 1958, 45 Tenn.App. 651, 325 S.W.(2d) 647, in an opinion by Judge Bejach, this court reannounced the long established and often quoted rule in Tennessee that a person named as executor in a will even though he is a beneficiary under the will, is under legal obligation to offer the will for probate and to take the necessary steps, including the employment of counsel, to resist a contest and to sustain the will; and that the estate, and not the interested executor, is liable for all necessary expenses incurred by him in the faithful discharge of these duties even though the will is held invalid. Concomitant with this rule is the requirement that the executor act in good faith and upon reasonable grounds to believe that the will will be upheld. Eslick v. Friedman, 191 Tenn. 647, 235 S. W. (2d) 808; McClure v. Wade, 34 Tenn. App. 154, 235 S. W. (2d) 835, 28 A. L. R. (2d) 104; Lassiter v. Travis, 98 Tenn. 330, 39 S. W. 226; Bennett v. Bradford, 41 Tenn. 471; Powell v. Barnard, 1936, 20 Tenn. App. 31, 95 S. W. (2d) 57; Davidson v. Gilreath, 1954, 38 Tenn. App. 291, 273 S. W. (2d) 717.

In Davidson v. Gilreath, supra, which incidentally involved a will devising the testator's property to the Unity Church of Christianity of Kansas City, Missouri, the will was held invalid and the person named as executor in the will, Mrs. Davidson, was authorized to pay ''all costs'' out of funds belonging to the estate. The opinion of Judge Hickerson does not make any attempt to define ''costs.''

In the case of Smith v. Haire, 1915, 133 Tenn. 343, 181 S. W. 161, which the lower court found controlling of the case at bar, our Tennessee Supreme Court, speaking through Justice Grafton Green (later Chief Justice) held that the executrix of a will which was set aside on the grounds of undue influence practiced by the executrix on the testator, her husband, was not entitled to costs and counsel fees. However, Justice Green qualified the holding with the very significant statement which we quote as follows:

"We do not mean to say that we will disallow such costs and attorney's fees in every case wherein a will may be set aside on the ground of fraud and undue influence, even though the executor or executrix may be the sole beneficiary. A case may arise in which the jury would find fraud and undue influence with enough evidence to require an approval of such a verdict by the court, and yet there might be in such a case circumstances that would justify the attempted probate of the will in good faith. In the case before us, however, we are satisfied with the judgment of the Court of Civil Appeals disallowing the counsel fees. That court has discussed the evidence at length, and we considered the evidence on the hearing of the will contest, and it is not necessary to go over it again."

In the case of Powell v. Barnard, 1936, 20 Tenn. App. 31, 95 S. W. (2d) 57, a will was found invalid by the jury on the grounds of undue influence practiced upon the testatrix by George W. Powell who was named executor in the will. Powell was the principal beneficiary under the will.

Upon remand the executor filed a petition in the Circuit Court in the same cause, asking the court for allow-

ance of attorneys' fees for services rendered by his attorneys in contesting the will and for allowance of the expenses of the suit.

Defendants answered averring that petitioner was not entitled to attorneys' fees and expenses of the suit because he was not acting in good faith; that he was attempting to have set up a will procured by him by fraud and undue influence.

The Trial Judge heard the case on the petition, answer, arguments of counsel, the bill of exceptions filed on the previous trial, and the entire record in the cause, including the opinion of the Court of Appeals and the petition to the Supreme Court for writ of certiorari. He allowed attorneys' fees of $1,750.00 and all expenses.

The case was heard on the former record, and no testimony was heard, the Trial Judge holding that oral testimony of the executor as to his good faith was incompetent testimony.

Upon appeal in error the Court of Appeals, Middle Section, refused to consider the assignments of error and affirmed the judgment of the court below because there was no motion for a new trial. In the present case a motion for a new trial was not necessary to an appeal under T.C.A. Section 27-303. However, we do think it is important to notice that in Powell v. Barnard the court stated that the question of the executor's good faith was a question of fact to be determined upon the record at the trial in the lower court.

Upon the trial of the present cause in the Probate Court below the entire record of the will contest in the Circuit Court and in the Court of Appeals including all

pleadings, depositions, transcripts, exhibits, orders, briefs and opinions was admitted.

Mrs. Self also testified as to her activities in administering the estate and asked for an allowance of $200.00 for her services. Mr. Ernest Williams, III, testified as to his services both in defending the will contest and in administering the estate and he asked for a fee of $200.00.

Also Mrs. Alice Jacoby who was a witness for Mrs. Self in the will contest testified before the Probate Judge that she was a member of the Unity Church of Christianity; that she knew Mrs. Taylor well and that she and other members of the church helped nurse her during her last illness; that there seemed to be a strained relationship between Mrs. Taylor and her two daughters; that Mrs. Taylor indicated that she did not want to discuss them and that she seemed to be very much interested in her church and very much attached to Mrs. Self.

Mr. Ernest Williams also related to the Probate Judge the circumstances under which he was called to the home of Mrs. Taylor by Mrs. Self and that he drafted her will in accordance with instructions directly from Mrs. Taylor while Mrs. Self was out of the room and that several days later he received a call from Mrs. Self stating that Mrs. Taylor wanted to know why he had not brought out the will; that when he arrived at Mrs. Taylor's house she upbraided him for having taken almost a month to get the will drafted and signed and that Mrs. Taylor was fully competent to make a will at the time it was signed.

The transcript before this court contains a copy of the judgment in the Circuit Court setting the will aside and a copy of the opinion of the Court of Appeals together with a copy of the judgment of the Court of Appeals

affirming the Circuit Court. The bill of exceptions contains the testimony of Mrs. Self, Mr. Williams and Mrs. Jacoby. The transcript does not contain a copy of all of the proceedings in the will contest case in Circuit Court which was before the Probate Judge. However, there is on file in this court a complete transcript of the proceedings in the will contest case which is available to us.

On December 17, 1962, G. A. Decker, Clerk of the Probate Court of Shelby County, Tennessee, sitting as Clerk & Master made a report which purported to be in response to an order of reference by the Probate Judge in which she overruled the exceptions and objections made by Alice Mary Taylor to the final accounting of Mrs. Self. She found upon the entire record that Mrs. Self had acted in good faith with reference to all of the disputed expenditures. Alice Mary Taylor then appealed from the findings of the Clerk to the Probate Judge and insisted that the questions of good faith on the part of Mrs. Self became res judicata by the judgments of the Circuit Court and the Court of Appeals because both courts had found Mrs. Self guilty of exercising undue influence. There was no record made of the evidence heard by the Clerk acting as Clerk & Master on the reference.

On February 23, 1963, His Honor the Probate Judge entered an order reciting that there was no special order of reference to the Clerk in regard to the matter of the exceptions and objections to the final settlement of Mrs. Hassell Self. The order sustained a number of objections and exceptions made by Alice Mary Taylor but in all other respects confirmed the final settlement and accounting of Mrs. Self. We copy from said order as follows:

"The items in said settlement to which Alice Mary Taylor, Executrix, W. G. Cavett, Administrator C.T.A.,

and Katrika Walter Striesfeld except are the following costs, expenses and payments incurred by Hassell Self, Executrix and individually and said Church, in connection with the trial of the contest before the Circuit Court of Shelby County, and the appeal of the cause to the Court of Appeals:

To Helen Anderson, Court Reporter
for attendance upon the trial in
the Circuit Court $180.00

To Ted Combs, Court Reporter for copies
of deposition taken by contestants 32.40

To Vernon N. Short, Court Reporter for
attendance and copy of deposition 17.50

To Hardy L. Fly, Court Reporter
for attendance and deposition 37.00

To Helen J. Anderson, Court Reporter
for transcript of record 406.40

To Dr. David Scheinberg, M. D.
attendance at deposition 25.00

To Bessie Buffalo, Clerk
for Court costs 570.50

"The Court has carefully read the opinion rendered by Justice Carney of the Court of Appeals at Jackson, and from an examination of that opinion, the verdict and judgment in the Circuit Court, and judgment of the Court of Appeals, this Court is of opinion that one of the principal grounds upon which said paper writing of May 16, 1960, was held not to be the last will and testament of Katherine T. Taylor, deceased,

was undue influence exercised upon Katherine T. Taylor by Hassell Self, and the question of said undue influence is res adjudicata; and that, therefore, Hassell Self should not be allowed a fee, and is not entitled to take credit for any of the costs, including her counsel's fees, and expenses incurred in connection with the contest of said will and the appeal taken from the Circuit Court. The Court finds that although his client, Mrs. Self, exercised undue influence on the deceased, said counsel acted in good faith; that he should be compensated much more than the fee of $200.00 suggested by him, but that said counsel should receive his compensation from Mrs. Self, individually, and/or the church under her charge.

"The successor Executrix and Administrator C.T.A. qualified on November 7, 1962, and no part of the personal estate has been delivered to them. There should be no further postponement in the payment and delivery of said assets."

Thus it appears that His Honor the Probate Judge gave no consideration to the statement of Judge Green in Smith v. Haire, quoted above, to the effect that the court was not ruling that an executor would be denied costs and attorneys' fees in every case in which a will was declared invalid because of undue influence. Apparently the statement of the middle section of the Court of Appeals in Powell v. Barnard, et al, to the effect that the executor's good faith was a question of fact which had to be determined upon the record in the trial below was not called to His Honor's attention.

Under the authority of T.C.A. Section 27-303 the cause is before this court upon a trial de novo and

it is our opinion that this court can and should make a determination whether the preponderance of the evidence indicates that Mrs. Self acted in good faith and upon reasonable grounds to believe that the will would be held valid.

These salient facts stand out: Mrs. Taylor had been a resident of Memphis, Tennessee, since 1943. Her husband died in 1946. Her two daughters, the contestants, were non-residents of Memphis and had not lived in the home with their mother since 1946. On June 25, 1960, the date of their mother's death, they were both living in Jacksonville, Florida. One of the daughters had not seen her mother since 1952 and the other daughter had seen her mother only twice since 1946, the last time in 1955. There was practically no correspondence between the daughters and their mother.

Dr. Scheinberg testified that when he realized that Mrs. Taylor was in extremis he suggested that possibly the daughters should be called and that Mrs. Taylor was adamant in her refusal to have them called. Sometime around 1956 Mrs. Taylor who lived alone in her home in Memphis became active in the Memphis Unity Church of Christianity of which Mrs. Self was the minister. In April, 1960, when Mrs. Taylor's health began to fail members of the church and Mrs. Self in particular, showed considerable attention to her, running errands and attending to her personal needs without charge. Mrs. Taylor accepted the services of Mrs. Self and accepted her into a confidential relationship by permitting her to attend to her personal affairs including the right to check on her bank account for various items. When Mrs. Taylor was in the hospital shortly before her death Mrs. Self

visited her often and arranged to have other members of the church visit her when Mrs. Self was out of town.

After the death of Mrs. Taylor, Mrs. Self acted upon the advice of her solicitor, Mr. Ernest Williams, III, a highly respected member of the Bar of Memphis, Tennessee. Mr. Williams had not only prepared the will for Mrs. Taylor but he was one of the subscribing witnesses thereto.

██ In our opinion the instant case comes within the exception mentioned by Judge Green in Smith v. Haire, namely that the evidence required this court to approve the verdict of the jury finding undue influence on the part of the executrix of the will and yet we find that all the surrounding circumstances justifed Mrs. Self in offering the will for probate and in making every reasonable effort to sustain the validity of the will. Therefore, upon authority of the cases cited above, and especially Powell v. Barnard, we feel constrained to reverse the action of the Probate Court and to allow Mrs. Self credit for the expenses to the various court reporters listed above and to Dr. Scheinberg for his deposition.

Mrs. Self and her attorney only asked for $200.00 compensation to each of them for their services. We think such sums are reasonable and modest and should be allowed.

The item of $570.50 paid to Miss Bessie Buffaloe, Clerk of the Court of Appeals, pursuant to assessment of costs by this court in the will contest case, should be treated separately. The costs in the will contest case were adjudged against Mrs. Hassell Self, executrix, and against Mrs. Hassell Self, individually and the Memphis Unity Church of Christianity as proponents of the will which was held invalid.

As required by T. C. A. Section 32-402 the proponents of the will, Mrs. Hassell Self and the Memphis Unity Church of Christianity, executed a bond payable to the contestants in the sum of $500.00 conditioned that they would faithfully prosecute the suit and in case of failure pay all costs that might accrue thereon. Mrs. Self renounced in writing any claim to the $1,000.00 legacy under the will. However, she continued as a principal on the bond.

After the trial of the cause in Circuit Court the costs were adjudged against Mrs. Self as executrix, against Mrs. Self individually, and the Memphis Unity Church of Christianity and also against the Peerless Insurance Company which had signed as surety on the bond given pursuant to provisions of T. C. A. Section 32-402. Upon the appeal to the Court of Appeals from the judgment in the will contest Mrs. Self and the Memphis Unity Church of Christianity filed an appeal bond with Mr. Williams, their attorney, as surety. The Court of Appeals adjudged all the costs, both in the court below and in the Court of Appeals, against Mrs. Self, the Memphis Unity Church of Christianity, as principals, and against Mr. Williams as surety.

Mrs. Self paid all the costs after judgment became final in the total amount of $570.50 to the Clerk of the Court of Appeals out of funds in her hands belonging to the estate of Mrs. Katherine Taylor. Mrs. Self acted in a dual capacity in her efforts to sustain the validity of the will; that is, she was not only acting as executrix under the will but also as minister of the sole beneficiary, the Memphis Unity Church of Christianity. Since the church had given a bond in the amount of $500.00 conditioned expressly to pay all the costs of the litigation if

unsuccessful, we think Mrs. Self should be limited to a credit of only one-half of the $570.50 court costs paid to the Clerk of the Court of Appeals without prejudice to her rights to recover the remaining one-half from the Memphis Unity Church of Christianity or its surety, the Peerless Insurance Company.

Assignments of error II and III of Mrs. Self are sustained. Assignment of error No. I is pretermitted.

■■ The solicitor for appellees, the successful contestants of the will, insists that His Honor the Probate Judge should have allowed interest on the credits which were disallowed. Since we have held that His Honor was in error in disallowing these credits, it necessarily follows that His Honor was not in error in failing to allow interest on the items. Accordingly, the contention of appellees must be respectfully overruled.

The judgment of the lower court will therefore be reversed and the cause remanded for further proceedings consistent with this opinion. The costs which have accrued in this proceeding in the court below and in this court will be taxed against Alice Mary Taylor, executrix of the estate of Mrs. Katherine T. Taylor, and W. G. Cavett, Administrator C.T.A. of the estate of Mrs. Katherine T. Taylor, with judgment over against the appellees, Alice Mary Taylor and Katrika Walter Striesfeld, if the funds in the hands of said personal representatives be insufficient to pay such costs.

Avery, P. J. (W. S.), Bejach, J., concur.