[No. 1176-1.    Division One—Panel 1.    March 6, 1972.]

*In the Matter of the Estate of* JENNIE R. JENNINGS, *Deceased.* LLOYD J. LOUNSBURY, JR., *Appellant,* v. NEDRA FAY LOUNS- BURY, *Respondent and Cross-appellant.*

*James R. Young* and *Charles F. Diesen,* for appellant.

*Skeel, McKelvy, Henke, Evenson & Betts* and *W. R. McKelvy,* for respondent and cross-appellant.

WILLIAMS, J.—This is an appeal by Lloyd J. Lounsbury, Jr., executor of a will, from a judgment of the superior court revoking the will and dismissing him from his office. The petitioner, Nedra Fay Lounsbury, who challenged the will and who appears as respondent and cross-appellant here, is the daughter and an heir of the decedent, Jennie R. Jennings. We affirm in part, reversing that part of the judgment allowing attorney's fees and costs.

No useful purpose would be served by detailing all of the events that were reported to the court during 2 weeks of trial and reduced by the court to 30 pages of findings, conclusions of law, and judgment. It is sufficient to relate that Jennie R. Jennings was an elderly woman who was cared for in the home of Nedra Fay Lounsbury in Fair-

banks, Alaska, for about 10 years. During this period, decedent's mental and physical condition progressively deteriorated. In the early part of 1966, Lloyd J. Lounsbury, Jr., a son of Nedra Fay, who had been living in Anchorage, Alaska, arrived in Fairbanks with his wife. They took Jennie to Anchorage to live with them.

Within another 2 weeks, while in Lloyd's home, Jennie signed the will in question which named Lloyd and his wife the principal beneficiaries of her estate of approximately a quarter of a million dollars. Shortly thereafter, Jennie gave Lloyd her general power of attorney, and he took her to a rest home in California. She was subsequently moved by Lloyd to a nursing facility in King County, where she remained for 3 years prior to her death.

There was abundant evidence from which the court could and did find that the execution of the will was under the undue influence of Lloyd and his wife. *See In re Estate of Bush,* 195 Wash. 416, 81 P.2d 271 (1938); *Dean v. Jordan,* 194 Wash. 661, 79 P.2d 331 (1938). Lloyd contends that the court believed neither him nor his wife. On the face of the record, there is good cause shown for the court's position.

■ The cross-appeal of Nedra Fay challenges the allowance of $7,500 made by the court for legal services and costs which Lloyd incurred in defending the will. The rule is that the court in its discretion may grant to an unsuccessful executor in a will contest expenses for the services of his attorney. An executor who is in possession of a will has a duty to file it in court and, when probated, defend it. The allowance of attorney's fees, when properly made, is paid from the assets of the estate as a reimbursement to the executor for the faithful discharge of his duties and the expenses incurred in performing them. *In re Estate of Jolly,* 3 Wn.2d 615, 101 P.2d 995, 128 A.L.R. 993 (1940); *In re Estate of Vaughn,* 149 Wash. 291, 270 P. 1030 (1928).

■ There is the requirement, however, that an executor must act in good faith in his defense of the will. If it appears that the attorney's fees were incurred to assist the

executor in defending a will which he himself has, by fraud or undue influence, caused to be executed, then those fees may not be paid from the funds of the estate. *In re Estate of Kleinlein,* 59 Wn.2d 111, 366 P.2d 186 (1961). That is the situation here. The court found that the testatrix signed the will under the undue influence of appellant and his wife. Of course the attorney is entitled to recover his fees from the executor, who is his employer.

That portion of the judgment voiding the purported will of Jennie R. Jennings, deceased, which was admitted to probate on November 7, 1969, and revoking the letters testamentary granted to Lloyd J. Lounsbury, Jr., is affirmed; that portion of the judgment allowing him attorney's fees and costs in the total sum of $7,500 is reversed.

HOROWITZ, C.J., and CALLOW, J., concur.