[No. 4924-8-III.   Division Three.   October 11, 1983.]

*In the Matter of the Estate of*
Frank J. Pfleghar.

Edna Charlotte Pfleghar, *Appellant,* v. Vera A. Teter, *Respondent.*

*Carl Diana* and *Kermit P. Owens,* for appellant.

*Stephen L. Nordstrom* and *Ford, Owens & Nees, P.S.,* for respondent.

GREEN, J.—Edna Charlotte Pfleghar appeals a judgment invalidating a will naming her executrix and principal beneficiary, based on the finding she exerted undue influence over the decedent. Vera Teter, the will contestant, cross-appeals challenging the trial court's award of executrix and attorney's fees to Charlotte Pfleghar.

The issues presented are whether: (1) There was clear, cogent and convincing evidence Charlotte Pfleghar unduly influenced the decedent; and (2) whether one who is named executrix and sole beneficiary in a will which is set aside for undue influence exercised by that person on the testator should recover costs and attorney's fees from the estate.

The record and the findings[1] show that: In late 1977 Charlotte Pfleghar, then 56 years old, moved to Spokane and placed an advertisement in the newspaper seeking domestic or companion work. Frank Pfleghar (the decedent) responded to the advertisement and hired Charlotte Pfleghar. They were engaged within a week or so and mar-

---

[1]Charlotte's counsel assigns error to several findings of fact but fails to set them out verbatim in his brief as required, RAP 10.4(c); *Thomas v. French,* 99 Wn.2d 95, 99–101, 659 P.2d 1097 (1983). Therefore, they are verities on appeal. Moreover, our review of the record discloses ample evidence to support the court's findings.

ried in February 1978, 4 to 6 weeks after their first meeting. At the time of their marriage, Mr. Pfleghar was 83 years old and had a multitude of physical ailments, including diabetes, hypertension, poor eyesight, impaired hearing, prostate problems and arteriosclerosis. The couple separated 9 months later and divorced after only a year of marriage.

Charlotte had a strong, forceful personality, while Mr. Pfleghar, due to age and health problems, was very dependent on those around him. During the marriage, Mr. Pfleghar told friends he was afraid of Charlotte, and on one occasion locked himself in his bedroom for protection from her. It was necessary for the police to kick the door in to get to him.

After the Pfleghars divorced, Mr. Pfleghar became good friends with Mrs. Teter, and in late September 1980 he proposed to her. In October of 1980, he executed a will leaving his estate to Mrs. Teter.

On December 5, 1980, Charlotte moved back into Mr. Pfleghar's home. A few days later, Mr. Pfleghar contacted his attorney and requested him to draft a will leaving his entire estate to Charlotte. This will was executed December 9. The next day Charlotte moved out and Mr. Pfleghar called the attorney and directed him to destroy the will. Charlotte returned 2 days later and Mr. Pfleghar again called his attorney and told him to draft another will leaving his estate to Charlotte.

On December 16, 1980, Mr. Pfleghar was admitted to the hospital for prostate surgery. On December 18, while he was still heavily medicated with narcotic–type drugs following surgery, Charlotte called Mr. Pfleghar's attorney and asked him to bring the new will to the hospital. The attorney complied. Charlotte read the will naming her as executrix and sole beneficiary to Mr. Pfleghar. He then signed it.

On December 24 Charlotte obtained a marriage license which named herself and Mr. Pfleghar as prospective husband and wife. On December 30 Charlotte obtained his signature on a general power of attorney form she had obtained at a store. On January 7, 1981, Mr. Pfleghar died.

Charlotte then petitioned the court for an order admitting the December 18 will to probate. Mrs. Teter petitioned to set aside the probate of that will asserting Charlotte had exercised undue influence. The court concluded Charlotte had unduly influenced the decedent and held the will invalid. Nevertheless, the court awarded Charlotte executrix and attorney's fees to be paid by the estate.

On appeal Charlotte contends the record does not contain clear, cogent and convincing evidence she exercised undue influence over the decedent. We disagree.

■ To sustain an order premised upon clear, cogent and convincing evidence, the ultimate fact in issue must be shown by evidence to be "highly probable". *In re Sego,* 82 Wn.2d 736, 739, 513 P.2d 831 (1973); *In re Estate of Reilly,* 78 Wn.2d 623, 479 P.2d 1 (1970). The factors to be considered in determining whether undue influence was exerted were set forth in *Dean v. Jordan,* 194 Wash. 661, 672, 79 P.2d 331 (1938):

> The most important of such facts are (1) that the beneficiary occupied a fiduciary or confidential relation to the testator; (2) that the beneficiary actively participated in the preparation or procurement of the will; and (3) that the beneficiary received an unusually or unnaturally large part of the estate. Added to these may be other considerations, such as the age or condition of health and mental vigor of the testator, the nature or degree of relationship between the testator and the beneficiary, the opportunity for exerting an undue influence, and the naturalness or unnaturalness of the will.

*See also In re Estate of Burkland,* 8 Wn. App. 153, 158–59, 504 P.2d 1143 (1972).

Having reviewed the record in light of these factors, we hold there was clear, cogent and convincing evidence to support the findings, and the findings in turn support the conclusions of law that Charlotte unduly influenced the decedent.

In her cross appeal, Mrs. Teter contends the trial court erred in awarding Charlotte executrix and attorney's fees. We agree.

■ The sole test in determining whether an executor is entitled to recover his costs out of the estate is: "Did the deposed executor act in good faith?" *In re Estate of Kleinlein,* 59 Wn.2d 111, 115, 366 P.2d 186 (1961). The court in making its determination as to good faith looks to its findings and conclusions in the will contest. *See In re Estate of Kleinlein, supra,* where the court found the executor knew the deceased was mentally incompetent and lacked testamentary capacity and, therefore, the executor did not defend the will in good faith. The court in *In re Estate of Kleinlein, supra* at 116, quotes with approval from *In re Estate of Jones,* 166 Cal. 147, 150, 135 P. 293 (1913):

". . . The test of the executor's right to have the costs of his unsuccessful attempt to prevent revocation of probate paid out of the estate is whether he has acted in good faith. (See *Estate of Berthol,* 163 Cal. 343 [125 P. 750 (1912)].) *It cannot be said that one exercises good faith in seeking to establish a will which he himself has, by* fraud or *undue influence, caused to be executed.* . . ."

(Italics ours.) Therefore, a conclusion of undue influence perpetrated by an executor and sole beneficiary in a will contest imports a finding of bad faith. *In re Estate of Kleinlein, supra,* is consistent with *In re Estate of Jennings,* 6 Wn. App. 537, 538–39, 494 P.2d 227 (1972), which holds that costs and attorney's fees may not be awarded to an unsuccessful proponent of a will where probate is denied because of undue influence or fraud personally perpetrated by the proponent.

Courts in other jurisdictions faced with this issue take the same position. *See In re Estate of Graham,* 156 Fla. 421, 23 So. 2d 485 (1945); *In re Estate of Randall,* 64 Idaho 629, 132 P.2d 763, 135 P.2d 299 (1943); *In re Estate of Jenkins,* 245 Iowa 939, 65 N.W.2d 92, 93 (1954); *In re Estate of Limberg,* 60 N.Y.S.2d 669, 671 (1945); *In re Will of Reeves,* 266 A.D. 968, 44 N.Y.S.2d 290 (1943); *In re Will of Marshall,* 189 A.D. 477, 178 N.Y.S. 711 (1919); *Powell v. Barnard,* 20 Tenn. App. 31, 95 S.W.2d 57 (1936). We agree

with the statement made by the court in *In re Estate of Limberg, supra* at 671:

> Where the rejection of the will . . . is based upon the finding . . . that the paper was procured by undue influence, . . . and the proponent is a participant in the attempt to consummate the fraudulent purpose, an allowance to him for his expenditures in connection with the probate proceeding will be denied. . . . In such circumstances one named as executor should not be permitted to benefit by his own wrongful act."

(Citations omitted.)

The trial court is affirmed on the finding of undue influence but reversed on the award of costs and attorney's fees to Charlotte Pfleghar.

MUNSON, C.J., concurs.

McINTURFF, J. (concurring in part, dissenting in part)—I concur in the majority's holding that Charlotte Pfleghar unduly influenced the decedent. However, I do not think the trial court abused its discretion by awarding her executrix and attorney's fees. Accordingly, I dissent from that portion of the opinion.

The assessment of costs and attorney's fees in will contests is governed by RCW 11.24.050:

> *If the probate be revoked or the will annulled, assessment of costs shall be in the discretion of the court.* If the will be sustained, the court may assess the costs against the contestant, including, unless it appears that the contestant acted with probable cause and in good faith, such reasonable attorney's fees as the court may deem proper.

(Italics mine.)

This statute has been consistently interpreted to require an executrix to take all reasonable steps to uphold the testamentary instrument. As long as the executrix exercises that duty in good faith, she is entitled to an allowance out of the estate for the costs and reasonable attorney's fees necessarily incurred by her regardless of whether she is successful in her defense against the contest of the will. *In*

*re Estate of Reilly,* 78 Wn.2d 623, 665, 479 P.2d 1 (1970); *In re Estate of Kleinlein,* 59 Wn.2d 111, 115, 366 P.2d 186 (1961); *In re Estate of Esala,* 16 Wn. App. 764, 772, 559 P.2d 592 (1977).

The majority holds that because Charlotte unduly influenced the decedent in executing the will, it is not possible for her to have acted in good faith in defending it. I disagree.

The seminal case is *In re Estate of Kleinlein, supra.* There, a deposed executor was awarded $10,000 attorney's fees from the estate. The trial court entered findings that the executor knew the decedent was suffering from insane delusions, that he knew the decedent was mentally incompetent and did not have testamentary capacity, that he knew he was exerting undue influence upon her, and that he did not defend the will contest in good faith. The court stated the sole test in determining whether the executor is entitled to recover his costs out of the estate is whether the deposed executor acted in good faith in defending the will. *Kleinlein,* at 115–17. Relying on the finding that the executor did not defend the will in good faith, it held he was not entitled to costs or fees as executor, and likewise, his attorneys were not entitled to their fees from the estate. *Kleinlein,* at 115.

In *In re Estate of Jennings,* 6 Wn. App. 537, 494 P.2d 227 (1972), the trial court found the decedent signed the will under the undue influence of the executor and his wife. A rule was enunciated, citing *Kleinlein,* that if attorney's fees are incurred in defending a will which the executor has, by fraud or undue influence, caused to be executed, then those fees may not be paid from the funds of the estate. *Jennings,* at 538–39. I disagree with this holding insofar as it establishes a per se rule that an executor who has unduly influenced a testator cannot, as a matter of law, defend a will in good faith. This rule misapplies the holding in *Kleinlein* and eliminates all of the trial court's discretion. It would preclude a trial court from finding, as the trial court in the instant case did, that an executor unduly influenced

the testator but still, in the exercise of his duty to defend the will, defended the will in good faith. Whether a person has acted in good faith is a factual question which should be decided by the trial court that viewed the witnesses and heard their testimony.[2]

The majority opinion denies Charlotte her recovery of executrix and attorney's fees because the record does not contain a specific finding on the issue of good faith. I have difficulty with this analysis. The trial court was empowered under RCW 11.24.050 to make the award if it found Charlotte acted in good faith. The court exercised its discretion and made the award. Obviously, the court was aware of its statutory authority and concluded she acted in good faith. To assume otherwise requires a presumption that the court found bad faith but nevertheless proceeded to make the award in direct contravention of the statute.

This is an instance in the law where the actions of the court, *i.e.,* granting a judgment for executrix and attorney's fees under a statute authorizing the same in the discretion of the court, speak louder than omitted words, *i.e.,* a specific finding of good faith.

I recognize my position may appear facially inconsistent. However, upon further reflection, I can envision many circumstances where this could happen. To prove undue influence, it is not necessary to prove the party intended to unduly influence the decedent. *See Dean v. Jordan,* 194 Wash. 661, 671, 79 P.2d 331 (1938). Because intent need

---

[2]The trial court heard testimony from the attorney who drafted the will and was present in the hospital room when it was executed. When questioned regarding the circumstances surrounding the execution of the will, the attorney stated:

The only thing is that I looked at him, and to me I've known him for nine to ten years, and he knew what he was doing. He looked good to me, and there's no question in my mind at all that he was capable of signing that will.

. . .

. . . I was there, and I saw him. As far as I knew him, he was a strong–willed man, and he was strong in that bed that morning there. . . .

. . . I was there and looked at him. I feel after my thirty years of experience as a lawyer dealing with a lot of people that have been ill, it's my duty to my client, and if I feel he should have that will, he should have it, because I know that's what he wanted to leave.

not be shown, it would be possible for a relative, friend, or neighbor with a dominant personality to assist an elderly person with his or her affairs and later, based on the totality of the circumstances, which include the testator's age, health and mental condition, have it adjudged that undue influence was exerted.

When the trial court exercises its discretion in awarding executor and attorney's fees, the sole test is whether the executor acted in good faith in defending the will. *Kleinlein.* This is a factual determination to be made after weighing the evidence and considering the totality of the circumstances. The determination that the executor exerted undue influence is one factor, but not the controlling factor, in determining whether the will was defended in good faith.

Because the award was a discretionary decision, I would hold that the trial court did not abuse its discretion in awarding executrix and attorney's fees to Mrs. Pfleghar and affirm the entire judgment.

Reconsideration denied November 3, 1983.

Review denied by Supreme Court January 6, 1984.